UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| EMIVEST AEROSPACE CORPORATION, | § | |
| | § | CASE NO. 10-13391 (MFW) |
| DEBTOR | § | |
| | § | |
| | § | Hearing: Nov. 12, 2010 at 10:30 a.m. ET |

**BEXAR COUNTY'S OBJECTION TO DEBTORS' MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§105,
361, 362, 363, 364 AND 507 . . . (I) AUTHORIZING THE DEBTOR TO (A) OBTAIN
POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL; (II)
GRANTING LIENS AND PROVIDING SUPER-PRIORITY ADMINISTRATIVE
EXPENSE STATUS . . . AND OTHER RELIEF**

TO THE HONORABLE COURT:

NOW COMES Bexar County and files its Objection to the Debtors' Motion for entry of an Order authorizing post-petition financing and granting other related relief. In support of its Objection, Bexar County would show the Court the following:

I.

Bexar Count is a political subdivisions of the State of Texas which is authorized to assess and collect ad valorem taxes pursuant to the laws of the State. Bexar County has filed secured claims totalling approximately $600,000 for ad valorem taxes owed on the Debtors' property for tax years 2010 and prior. Further, on January 1, 2011, tax liability and liens will arise for the 2011 tax year in the approximate amount of $270,000, which taxes will constitute an administrative expense of the estate pursuant to 11 U.S.C. § 503(b).

II.

Texas property taxes are secured with a perfected and unavoidable lien on the Debtors' real and personal property that is superior to that of any other secured claim pursuant to the Texas

Constitution, Article VIII, Section 15, and the Texas Property Tax Code, Sections 32.01 and 32.05(b). See also Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987); Universal Seismic Associates, Inc., 288 F.3d 205 (5th Cir. 2002); In Re Winn's Stores, Inc. 177 B.R. 253 (Bankr. W.D. Tex 1995).

III.

Bexar County objects to any priming of its lien position by either the DIP Facility lien or any adequate protection liens, and specifically requests clarification in the final order that its liens for pre- or post-petition taxes are not primed.

The Debtor has failed to demonstrate that the liens of Bexar County are adequately protected as required by 11 U.S.C. § 364(d)(1)(b). The proponent of a motion seeking a super priority lien has the burden of proof on that issue, 11 U.S.C. § 364(d)(2). The Debtors ask that the DIP Facility be granted a "priming first priority lien and secureity interest, subject only to the Carve-Out and Permitted Liens . . . ." Upon information and belief, some or all of Bexar County's tax liens for pre-petition taxes are not "Permitted Liens" and so may be subordinated if the Debtor is granted the relief sought. The definition of "Permitted Liens" includes in part "liens for taxes not yet due and payable or for taxes being contested . . . ." As much of the County's claim is due and payable, this provisoin provides no protection for at least a portion of its taxes. If the value of the property is such that the lenders will not make the DIP loan unless they can prime the tax liens, then the value of the property may be such that junior lienholds are not oversecured. If the value is sufficient such that the junior lienholders remain oversecured, then there should be sufficient equity that the DIP lenders do not need to subordinate the tax liens in order to sufficiently securitize their loan.

Further, the Debtor seeks to grant adequate protection liens to Wells Fargo, the Texas Comptroler and the Prepetition Secured Party which are also subject only to "Permitted Liens."

2

These are more than replacment liens as the liens, if any, currently held by these parties are subordinate and junior to the existing liens of the County as well as to any liens which will arise postpetition.  Any "adequate protection" liens granted these or any other existing secured parties should be in the same priority as their liens which existed pre-petition and should not improve their position as to other creditors, such as Bexar County.  The final order should specify that no adequate protection liens granted any prepetition lienholder will subordinate or prime any liens of Bexar County.

IV.

The proceeds from the sale of Bexar County's collateral, all real and personal property of the Debtor in Texas, constitute Bexar County's cash collateral.  Bexar County objects to the use of its cash collateral to pay any other creditors of this estate. Specifically, Bexar County objects to the inclusion of the language in paragraph 5.3 of the Interim Order, or similar language, in the final order.  Paragraph 5.3 of the Interim Order  provides that the "Debtor shall remit to Agent . . . all Net Cash Proceeds of the Collateral for application by Agent to the Obligations, in such order and manner as Agent may determine in its discretion . . . ."

Pursuant to 11 U.S.C. § 363(c) (4), absent consent by Bexar County or an order of the Court permitting use of the cash collateral, the Debtor "shall segregate and account for any cash collateral" in their possession.  The Debtor has not filed a motion seeking to use the cash collateral of Bexar County, nor has there been notice or a hearing on the use of this collateral. Accordingly, absent its consent, in the event of a sale of the Bexar County's collateral, a segregated account must be established from the sale proceeds to comply with the requirements of § 363(c)(4).  The liens of the Bexar County are senior to those of the pre-petition or DIP lenders and the proceeds from any sale of the collateral should not be distributed to any other

party unless and until their claims, including any interest thereon as allowed under 11 U.S.C. §§ 506(b), 511 and 1129, are paid in full.

VI.

Finally, in the event of default, in addition to providing notice to the Debtor, notice of default should also be provided to Bexar County. Further, should the Debtor not cure the default and the stay lifts as to the DIP Agent, the automatic stay under §362 should also lift as to Bexar County. The DIP Agent should not be free to sell the Debtor's property which is Bexar County's collateral without the County also being able to act to protect its senior liens.

VII.

WHEREFORE, Bexar County objects to the Debtor's Motion and requests this Court to order appropriate provisions to assure the protection of the position of its secured claims for ad valorem property taxes, and further request other and such relief as is just and proper.

Dated: November 9,2010

    Respectfully submitted,

    LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

    BY: /s/ Elizabeth Weller
        Elizabeth Weller
        Tex. Bar No. 00785514

    2323 Bryan St. #1600
    Dallas, TX 75201
    (469)221-5075 phone
    (469)221-5002 fax

    BethW@publicans.com email

# CERTIFICATE OF SERVICE

       I hereby certify that I caused a true and correct copy of the foregoing to be served upon all parties to the Court's electronic noticing system, and upon counsel to the Debtor and other parties as set forth below by electronic mail or facsimile, as indicated below, on this 9th day of November, 2010.

                                                 /s/ Elizabeth Weller
                                                 Elizabeth Weller

Dan Butz
Morris, Nichols, Arsht & Tunnell LLP
Fax: (302) 425-4671
Email: DButz@MNAT.com

Gary Leibowitz
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Fax: (410)528-9401

Office of the U.S. Trustee
Fax: 302-573-6497