IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EMIVEST AEROSPACE CORPORATION, | Case No. 10-13391 (MFW) |
| Debtor.[1] | |

### DEBTOR'S SUPPLEMENTAL APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DLA PIPER LLP (US) AS SPECIAL COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this supplemental application (the "Supplemental Application"),[2] for an order pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtor to retain and employ DLA Piper LLP (US) ("DLA Piper") as special counsel *nunc pro tunc* to the Petition Date (as defined herein). In support of the Initial Application and this Supplemental Application, the Debtor submits the Supplemental Declaration of Timothy W. Walsh (the "Supplemental Declaration"), attached hereto as Exhibit A. In further support of the Initial Application and Supplemental Application, the Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 8827. The Debtor's mailing address and corporate headquarters is 1770 Skyplace Blvd., San Antonio, TX 78216.

[2] This Supplemental Application supplements, but does not replace, the Debtor's previous Application for Entry of an Order Authorizing the Employment and Retention of DLA Piper LLP (US) as Special Counsel for the Debtor *Nunc Pro Tunc* to the Petition Date, filed on October 21, 2010 (Docket No. 13) (the "Initial Application").

## BACKGROUND

1. On October 20, 2010 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No trustee or examiner has been appointed in this chapter 11 case. A three (3) member creditors' committee (the "Creditors' Committee") has been appointed in this chapter 11 case.

3. Additional information regarding the Debtor's factual background, including its current and historical business operations and the events precipitating this chapter 11 filing, is set forth in detail in the Declaration of Anthony Power in Support of the Debtor's Chapter 11 Petition and First Day Pleadings, and is incorporated herein by reference.[3]

4. On October 21, 2010, the Debtor filed the Initial Application to retain DLA Piper as special counsel for the Debtor *nunc pro tunc* to the Petition Date.

5. The Debtor's statements made in the Initial Application, including, but not limited to, its statements that, to the best of the Debtor's knowledge, DLA Piper and its partners, counsel and associates do not represent or hold any interest adverse to the Debtor or to the Debtor's estate with respect to the matter on which DLA Piper is to be employed, remain unaltered except as provided otherwise by this Supplemental Application.

---

[3] All capitalized terms not defined herein shall have the meaning ascribed to them in the Declaration of Anthony Power in Support of the Debtor's Chapter 11 Petition and First Day Pleadings.

## RELIEF REQUESTED

6. By this Supplemental Application and for the reasons set forth herein and in the Initial Application, the Debtor requests entry of an order, substantially in the form annexed hereto as <u>Exhibit B</u>, pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016, authorizing and approving the Debtor's retention and employment of DLA Piper, *nunc pro tunc* to the Petition Date, as special counsel to the Debtor to perform the legal services described below.

7. DLA Piper has represented the Debtor in the past on a number of financings and general corporate matters. In the course of this representation, DLA Piper has become uniquely familiar with the Debtor's business operations and assets and is in the best position to advise and assist the Debtor with respect to general corporate matters and transactions, including in connection with a sale of all or substantially all of the Debtor's assets.

**A. Professional Services to be Provided**

8. The Debtor anticipates that, in this chapter 11 case, DLA Piper will render the following legal services:

   a. advising and assisting the Debtor with respect to its general corporate matters and transactions arising in or outside of bankruptcy, including, but not limited to, debtor in possession financing issues;

   b. assisting the Debtor in the marketing of its assets for sale to potential purchasers;

   c. advising and negotiating on behalf of the Debtor in connection with the sale of all or substantially all of the Debtor's assets to a potential purchaser pursuant to section 363 of the Bankruptcy Code;

   d. preparing agreements, documents, and other papers in connection with the sale of all or substantially all of the Debtor's assets; and

e. representing the Debtor in certain currently pending arbitration claims against certain shareholders of the Debtor who were the former majority shareholders of the Debtor.

9. In connection with this case, the Debtor is also seeking to retain (a) Morris, Nichols, Arsht & Tunnell LLP as general bankruptcy counsel, and (b) Morgan Joseph & Co. Inc. as financial advisor. In addition, on October 25, 2010, an order was entered authorizing the retention of Donlin, Recano & Company, Inc. as claims, noticing and balloting agent. Each of these firms works and/or will work under the direction of the Debtor's management. The Debtor is committed to minimizing any duplication of services. To that end, DLA is prepared to work closely with each professional to ensure that there is no duplication of effort or cost.

10. The Debtor submits that the engagement and retention of DLA Piper on the terms and conditions set forth herein and in the Initial Application is necessary and in the best interests of the Debtor, its estate, and its creditors and should be approved.

## NOTICE

11. Notice of this Supplemental Application has been given to (i) the United States Trustee for the District of Delaware, (ii) each of the Debtor's twenty largest unsecured creditors, (iii) Emivest Aviation (US) LLC, the prepetition secured lender; (iv) counsel to the Creditors' Committee; and (v) counsel to Counsel RB Capital, LLC, as administrative agent and lender under the postpetition credit facility. No trustee or examiner has been appointed in this chapter 11 case. In light of the nature of the relief requested, the Debtor submits that no further notice need be given.

## NO PRIOR REQUEST

12. Other than the Initial Application, which is being supplemented by this Supplemental Application, no prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Court enter an order substantially in the form annexed as <u>Exhibit B</u> hereto (a) granting the Initial and Supplemental Applications, (b) authorizing the Debtor to retain and employ DLA Piper in this proceeding as special counsel *nunc pro tunc* to the Petition Date, and (c) granting such other and further relief as may be deemed just and proper.

Dated: November 11, 2010

**Emivest Aerospace Corporation**

By: _____
Anthony Power
Chief Executive Officer