# EXHIBIT A

## SUPPLEMENTAL DECLARATION OF TIMOTHY W. WALSH

EAST\43809581.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EMIVEST AEROSPACE CORPORATION, | Case No. 10-13391 (MFW) |
| Debtor. | |

**SUPPLEMENTAL DECLARATION OF TIMOTHY W. WALSH
IN SUPPORT OF DEBTOR'S APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF DLA PIPER LLP (US) AS SPECIAL
<u>COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE</u>**

State of New York  )
                               ) ss:
County of New York )

Timothy W. Walsh being duly sworn, deposes and says:

1. I am a partner of DLA Piper LLP (US) ("<u>DLA Piper</u>"), which maintains an office for the practice of law at 1251 Avenue of the Americas, New York, New York 10020. I am an attorney-at-law, duly admitted and in good standing to practice in the State of New York. I submit this Supplemental Declaration in connection with the application (the "<u>Initial Application</u>") and supplemental application (the "<u>Supplemental Application</u>") of the debtor and debtor in possession in the above-captioned case (the "<u>Debtor</u>") to retain DLA Piper as special counsel to the Debtor in its chapter 11 case *nunc pro tunc* to the Petition Date[4] and to provide the disclosures required under section 329 of title 11 of the United States Code (the "<u>Bankruptcy</u>

---

[4] Defined terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

EAST\43809581.2

Code"), applicable rules of this Court, and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[5]

2. All statements made in the Initial Declaration remain in full force and effect except as otherwise stated herein, including, but not limited to, my statements that DLA Piper neither holds nor represents any interest adverse to the Debtor or the Debtor's estate with respect to the matter on which DLA Piper is to be employed.

3. The attorneys at DLA Piper who will render corporate related services to the Debtor have considerable experience in corporate and reorganization matters and are capable of rendering the services required. Members of DLA Piper's corporate and bankruptcy departments are recognized as highly competent practitioners in their respective fields.

### Services to be Rendered

4. The Debtor has requested that DLA Piper render various services to the Debtor including, inter alia:

   (a) advising and assisting the Debtor with respect to its general corporate matters and transactions arising in or outside of bankruptcy, including, but not limited to, debtor in possession financing issues;

   (b) assisting the Debtor in the marketing of its assets for sale to potential purchasers;

   (c) advising and negotiating on behalf of the Debtor in connection with the sale of all or substantially all of the Debtor's assets to a potential purchaser pursuant to section 363 of the Bankruptcy Code;

---

[5] This Supplemental Declaration supplements the previous Declaration of Timothy W. Walsh in Support of the Debtor's Application for Entry of an Order Authorizing the Employment and Retention of DLA Piper LLP (US) as Special Counsel for the Debtor *Nunc Pro Tunc* to the Petition Date (the "Initial Declaration"), which was filed the Court in connection with the Initial Application.

(d) preparing agreements, documents, and other papers in connection with the sale of all or substantially all of the Debtor's assets; and

(e) representing the Debtor in certain currently pending arbitration claims against certain shareholders of the Debtor who were the former majority shareholders of the Debtor.

5. DLA Piper understands that the Debtor has filed retention applications for other professionals in this case and has informed the Debtor that it will take all appropriate steps to avoid unnecessary and wasteful duplication of efforts by any other professionals retained in this case.

**No Interest Adverse**

6. DLA Piper utilizes a number of procedures (the "Firm Procedures") to determine its relationships, if any, to parties that may have connections to a client debtor. In implementing such Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtor and DLA Piper's relationship with such parties:

(a) Upon and since its retention, DLA Piper requested and obtained from the Debtor extensive (but not necessarily comprehensive) lists of interested parties and significant creditors (the "Potential Parties in Interest").[6] The list of Potential Parties in Interest provided by the Debtor is attached hereto as **Schedule 1**. The Potential Parties in Interest include, among others, the Debtor and its members.[7]

---

[6] The list of Potential Parties in Interest may be further updated during this case; and, if appropriate, DLA Piper will further update its disclosures accordingly. Further, DLA Piper continues to review the relationships its attorneys may have with potentially interested parties and to determine whether any relationships other than those set forth herein exist. As may be necessary, DLA Piper will further supplement this Declaration if there is a relationship that may adversely affect DLA Piper's retention in this case or otherwise should be disclosed under applicable law. DLA Piper also will update this disclosure if it is advised of any trading of claims against or interests in the Debtor that may relate to DLA Piper's retention or otherwise requires such disclosure.

[7] In reviewing its records and the relationships of its attorneys, DLA Piper did not seek information as to whether any DLA Piper attorney or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain DLA Piper partners have invested but as to which such partners have no control over or knowledge of investment decisions,

*(footnote continued to next page)*

(b) DLA Piper then compared each of the Potential Parties in Interest to the names in its master electronic database of current and former clients (the "Client Database"). The Client Database generally includes the name of each client of the firm, the name of each party who is or was known to be adverse to such client of the firm, the name of each party that has or had a substantial role with regard to the subject matter of DLA Piper's retention, and the names of the DLA Piper attorneys who are or were primarily responsible for matters for such clients.

(c) Known connections between former or current clients of DLA Piper and the Potential Parties in Interest were compiled for purposes of preparing this declaration.

7. As a result of the Firm Procedures and as set forth in more detail in the Initial Declaration, I have thus far ascertained that, if retained, DLA Piper:

(a) neither holds nor represents any interest adverse to the Debtor or the Debtor's estate with respect to the matter on which DLA Piper is to be employed;

(b) is not a creditor of the Debtor (including by reason of unpaid fees for prepetition services), an equity security holder of the Debtor or an "insider" of the Debtor, as the term "insider" is defined in Bankruptcy Code section 101(31);

(c) is not and has not been, within two years before the Petition Date, a director, officer, or employee of the Debtor; and

(d) does not have an interest materially adverse to the interests of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

---

*(footnote continued from previous page)*
securities of the Debtor or any other party in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest. If any such relationship does exist, I do not believe it would give rise to a finding that DLA Piper holds or represents an interest adverse to the Debtor or the Debtor's estate with respect to the matter on which DLA Piper is to be employed.

8. Additionally, as a result of the Firm Procedures, I have thus far ascertained that, upon information and belief, DLA Piper has the following connections with certain of the Potential Parties in Interest:

> Because of its broad-based general practice, DLA Piper: (i) has appeared in the past and may appear in the future in cases unrelated to this case where one or more of the Potential Parties in Interest may be involved; and (ii) has represented in the past, currently represents and/or may represent in the future one or more of said parties or other potentially interested parties or creditors in matters unrelated to the Debtor, this chapter 11 case, and the matter on which DLA Piper is to be employed.
>
> DLA Piper has in the past represented or may currently represent the Potential Parties in Interest or their affiliates listed on Schedule 2 hereto in matters unrelated to the Debtor, this case, and the matter on which DLA Piper is to be employed (unless otherwise described therein). This Schedule 2 is intended to replace and supersede the schedule of connections with DLA Piper that was filed with the Initial Application. DLA Piper may represent such entities in the future in matters unrelated to the Debtor, this case, and the matter on which DLA Piper is to be employed. Except as provided in footnote 8 hereof, the Potential Parties in Interest or their affiliates listed on Schedule 2 generally represent a *de minimis* (less than 1%) amount of DLA Piper's revenues generated during 2008, 2009, and thus far in 2010.
>
> Certain of my fellow partners and other firm attorneys have in the past represented the Emirates Investment Development Company, PSC (the "EIDC") and certain of its subsidiaries in connection with its acquisition (the "Merger") of Sino Swearingen Aircraft Corporation. Emivest Aviation (US) LLC, an indirect subsidiary of the EIDC, currently holds an 80% interest in the Debtor and a secured promissory note in the Debtor. DLA Piper is also currently jointly representing Emivest Aviation (US) LLC and the Debtor in two separate arbitration proceedings against the former majority shareholders of the Debtor (all of whom are current minority shareholders of the Debtor). Both actions are in connection with certain indemnification rights being asserted against those shareholders proscribed in the Merger.
>
> Certain of my fellow partners and other firm attorneys represent affiliates of General Electric ("GE") in matters wholly unrelated to this case and the matter on which DLA Piper is to be employed. The vast majority of DLA Piper's work is performed on behalf of General Electric Healthcare ("GEHC"), a client which DLA Piper represents in a variety of areas, including regulatory and compliance work, general corporate matters, representation in the areas of technology and intellectual property, as well

as significant representations in products liability litigation.[8] GEHC is not a creditor of the Debtor. GE Aviation Mechanical Systems, GE Aviation Systems LLC, and GE Aviation Systems Ltd are GE affiliates which are vendors of the Debtor. In addition, GE Capital provides consulting services to the Debtor.

Certain of my fellow partners and other firm attorneys and certain of such persons' relatives may have familial or personal relationships, as well as business, contractual, or economic relationships, with officers, directors and/or shareholders or creditors of the Debtor, competitors of the Debtor and/or other parties in interest in this case. I have not been able to identify any such relationships and, therefore, I do not believe these familial or personal relationships, considered separately or collectively, are material.

Certain of my fellow partners and other firm attorneys to DLA Piper and certain of such persons' relatives may directly or indirectly be shareholders of creditors of the Debtor, competitors of the Debtor and/or other parties in interest. Based on the information provided to me, I believe any such holdings are insignificant and, insofar as I have been able to ascertain, none of these shareholders controls or has any influence on such creditor or party in interest. I do not believe these shareholders' interests, considered separately or collectively, are material.

9. I believe that none of the representations or relationships recited above would give rise to a finding that DLA Piper represents or holds an interest adverse to the Debtor with respect to the services for which the Debtor seeks to retain DLA Piper in this case.

10. DLA Piper has reviewed the relationships that its partners and employees have with the United States Trustee and those persons employed in the office of the United States Trustee, and I do not believe that DLA Piper has any material connections with the United States Trustee or any person employed in the office of the United States Trustee.

---

[8] In 2008, work attributable to GE entities constituted 0.92% of DLA Piper revenues, 1.60% of revenues in 2009, and thus far in 2010 work for GE has accounted for approximately 1.60% of firm billings.

11. DLA Piper will continue to comply with its ongoing duty under Bankruptcy Code section 328 to notify this Court and the United States Trustee if any actual conflict arises.

Dated: November 11, 2010
New York, New York

/s/ Timothy W. Walsh
Timothy W. Walsh
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
Tel: (212) 335-4500
Fax: (212) 335-4501

Attorneys for the Debtor
and Debtor in Possession

# SCHEDULE 1
## Potential Parties in Interest

### DEBTOR
Emivest Aerospace Corporation (f/k/a/ Sino Swearingen Aircraft Corporation)

### HOLDERS OF 1% OR MORE OF ANY OUTSTANDING COMMON EQUITY SECURITIES OF THE DEBTOR

| China Aviation Development Found | Emivest Aviation (US) LLC |
| --- | --- |
| Taiwan Aerospace Corporation | Yao-Hwa Glass Company |

### CREDITORS / INTERESTED PARTIES

| | | |
| --- | --- | --- |
| Abbott Aerospace Inc | Accent Food Services | Additional Contract Services |
| ADP, Inc. | ADT Security Systems, Inc | Adventa Corporation |
| Aero Air, LLC | Aeroflex Wichita, Inc | Aerosonic Corporation |
| Allegheny Power | Allied Waste Services | Amcorp Insurance and Financial Services Inc. |
| American Express | American Precision Machining | Ametek Advanced Industries, Inc |
| Amstat Inc | APD Incorporated | AT&T |
| AT&T Long Distance | AT&T Mobility | Auld Technologies, LLC |
| Avesis Third Party Administrators, Inc. | Avfuel Corporation | Aviall-Houston |
| Aviation Laboratories | Aviation Technologies LLC | Avox Systems, Inc. |
| Avtech Corporation | Av-tech Industries, Inc. | Avtrak, Inc. |
| Barfield, Inc. | Barry Controls Aerospace | Berkeley County Fire Board |
| Berkeley County PSSD | Berkeley County PSWD | Berkeley County Sheriff |
| Berry Mfg | Bexar County Court House | Bexar County Tax Assessor-Collector |
| Blossom Sentinel Investors, LLC | Blue Cross Blue Shield of Texas | Boardman, Tom |
| Brandt Engineering Co. | Bryant-Lee & Associates | Burnett Aerospace |
| C&F Tool and Die Co. | Cambridge Transportation | Ceva Logistics, LLC |
| Chambersburg Area Wage Tax Office | City of San Antonio | City of San Antonio (Aviation) |
| Coats Rose Yale Ryman & Lee | Cole-Parmer Instrument Company | Color-Tone Paint, Inc. |
| Commercial Services of S.A. LP | Compliance Consulting Corporation | Control Products Corp. |
| Corporation Service Company | Counsel RB Capital, LLC | CPI Office Products |
| CPS Energy | Delaware Secretary of State | Deltaware, Inc. |
| Derse, Inc | Dukes, Inc. | Dwyer, Walter |

| | | |
|---|---|---|
| Dynatek Industries | East Coast Aviation Supplies, Inc. | Edwards Sheet Metal, Inc. |
| EGC Enterprises Inc. | Electro Enterprises Inc | Ellis & Winters, LLP |
| Emirates Investment & Development Company PSC | Ernst & Young LLP | European Aviation Safety Agency |
| Fastenal Company | Fedex | Fiber Art, Inc. |
| Fidelity Investments Institutional | Flame Enterprises, Inc. | Frizzell, Robert |
| Frontier | Fulbright & Jaworski LLP | Fusion Technology Solutions, Inc. |
| Future Metals, Inc. | Gamesa | Gardner Law Firm, The |
| GE Aviation Systems LLC | Graco Supply Company | Gramercy Aerospace Manufacturing, LLC. |
| Greencastle Antrim Tax Bureau | Greene, Tweed & Co. | Haggard & Stocking Associates, Inc. |
| Hemmen, Delbert | Herlehy, Kevin | Hexcel |
| Hexcel Engineered Products - Kent Division | Hickory Aviation, LLC | HM Life Plans |
| Hub City Sprinklers | Insured Aircraft Title Service | Iron Mountain Records Management |
| IRS | Israel Aerospace Industries Ltd | Jackson Lewis LLP |
| Jacob Services | Koncept Safety | Konica Minolta Danka Imaging |
| KPMG, LLP | Landmark Aviation | Lenscrafters, Inc. |
| Light Bulb Depot | Lynda's Tire Service | M&M Aerospace Hardware, Inc. |
| M7 Aerospace LP | Masa Mecanizaciones | Matera Paper co., Ltd |
| Matheson Tri-Gas Inc. | Mcmaster-Carr Supply Co. | Meggitt Aircraft Braking Systems Corporation |
| Metal Improvement Co., Bensalem Div. | Metalcraft Technologies, Inc. | Metlife Small Business Center |
| Miller & Anderson, Inc. | Milton Dale Demory | Morris machine tool & Supply |
| Mountaineer Gas Company | MSC Industrial Supply Co., Inc | MTS Systems Corporation |
| Multi Service Aviation | Nordam Group, Inc., The | Occupational Health Centers |
| Omega Engineering, Inc. | Orc Worldwide | PA Department of Revenue |
| Pathfinder Equipment Locators, Inc. | Paul Downey | Pitney Bowes Global Financial Svs. |
| Port of Seattle | Portland Group, Inc., The | PRC-Desoto (TX) |
| Pryer Machine & Tool | Quest One LLC | RCS Rmc Inc. |
| Rex Supply | Richard a. Day & Associates | Roberts Oxygen Company, Inc. |
| Roberts Research Laboratory | Rothe Development, Inc. | RS Hughes Company, Inc. |
| San Antonio Water System | Sargent Controls & Aerospace | SBS Administrative Services, LLC |

| Sea Wire and Cable, Inc. | Securaplane Technologies | Security Air Park, Inc. |
|---|---|---|
| Shenandoah Valley Water | Sigma Solutions, Incorporated | Softcon USA Inc. |
| SOS Technologies | Southwest Research Institute | Spectrum Technologies |
| Sprint | Standard Funding Corp. | Staybridge Suites Airport |
| Sumatech, Inc. | Sutherland Services, LLC | T&K Machine Inc. |
| Terminix Processing Center | Texas State Comptroller | Texas Workforce Commission |
| Thyssenkrupp Elevator Corp. | Total Source, The | Transcat |
| Triumph Fabrications-Hot Springs Inc. | Triumph Structures-Wichita, Inc. | Unemployment Compensation Division |
| United Rentals | United States Citizenship & | UPS |
| Valogic, LLC | Verizon | Vieger, John |
| Virginia Department of Taxation | Volumatic Inc. | Wachovia Capital Markets LLC |
| West Virginia Department | West Virginia Secretary of State's Office | West Virginia State Tax Dept. |
| Westland Parcel J. Partners, LLC | WG Henschen Co. | Wichita State University |
| Williams International | Williams-Rolls, Inc. | Witmer, Michael Dean |
| Wvdep - Division of Air Quality | Wycom Corporation | Xerox Corporation |
| Yao-Hwa Glass Co. Ltd. | | |

## SECURED CREDITORS[1]

| 921 BE, LLC | Action Aviation | Arocentrix LLC |
|---|---|---|
| American Automatic Sprinkler | Bexar County Court House | Cisco Systems Capital Corporation |
| CIT Technology Financing Services, Inc. | Comfort Air Engineering, Inc. | Déjà vu Consulting, Inc. |
| Delta Ware, Inc. | EAI Capital, LLC | Emivest Aviation (US) LLC |
| Fastenal Company | General Electric Capital Corporation | Geo Strata Environmental Consultants, Inc. |
| Liebherr-International Deutchland GMBH. | Lloyd Everard | Paul Downey |
| SJ30 Aircraft I, LLC | State of Texas, Comptroller of Public Accounts | State of WV, State Tax Department |
| Texas Workforce Commission | Wells Fargo Securities, LLC | |

---

[1] Inclusion of a claim on this list is not an admission that the amounts listed are in fact secured or owed by the Debtor.

## RETAINED PROFESSIONALS

| |
|---|
| DLA Piper LLP (US) |
| Morris, Nichols, Arsht & Tunnell, LLP |
| Morgan Joseph & Co. Inc. |

## UNITED STATES BANKRUPTCY JUDGES IN THE DISTRICT OF DELAWARE

| | |
|---|---|
| Judge Brendan L. Shannon | Judge Christopher S. Sontichi |
| Judge Joel B. Rosenthan (visiting judge) | Judge John L. Peterson (visiting judge) |
| Judge Judith H. Wizmur (visiting judge) | Judge Judith K. Fitzgerald (visiting judge) |
| Judge Kevin Gross | Judge Kevin J. Carey |
| Judge Louis H. Kornreich (visiting judge) | Judge M. Bruce McCullough (visiting judge) |
| Judge Mary F. Walrath | Judge Peter J. Walsh |
| Judge Raymond T. Lyons (visiting judge) | Judge Walter Shapero (visiting judge) |

## UNITED STATES TRUSTEE FOR THE DISTRICT OF DELAWARE (INCLUDING KEY STAFF MEMBERS)

| | |
|---|---|
| Thomas Patrick Tinker (Trial Attorney) | Christine Green (Paralegal Specialist) |
| David Buchbinder (Trial Attorney) | Diane Giordano (Bankruptcy Analyst) |
| Dion Wynn (Paralegal Specialist) | James R. O'Malley (Bankruptcy Analyst) |
| Jane Leamy (Trial Attorney) | Jeffrey Heck (Bankruptcy Analyst) |
| Joseph McMahon (Trial Attorney) | Lauren O'Neil (OA Assistant) |
| Michael West (Bankruptcy Analyst) | Michel Panacio (Bankruptcy Analyst) |
| Richard Schepacarter (Trial Attorney) | Ramona Vinson (OA Assistant) |
| William K. Harrington (Assistant US Trustee) | Shakima L. Williams (Paralegal Specialist) |
| Mark Kenney (Trial Attorney) | Juliet Sarkessian (Trial Attorney) |
| David Klauder (Trial Attorney) | |

## CLERK OF THE COURT AND DEPUTY FOR THE DISTRICT OF DELAWARE

| |
|---|
| David D. Bird (clerk of the court) |

## SCHEDULE 2

### Connections with DLA Piper (US)

*All services performed for the clients listed below were wholly unrelated to the Debtor, this chapter 11 case and DLA Piper will not take a position adverse to any of these clients in this chapter 11 case. If the Debtor takes a position adverse to any of these clients, the Debtor's general bankruptcy counsel, Morris, Nichols, Arsht & Tunnell LLP, will handle all aspects of the Debtor's representation with respect to such issues. Unless otherwise noted, the Parties in Interest or their affiliates listed on this Schedule 2 generally represent a de minimis (less than 1%) amount of DLA Piper's revenues generated during 2008, 2009, and thus far in 2010.*

## Clients

| PARTY | RELATION TO DEBTOR | CLAIM AMOUNT C/U/D | NOTES |
|---|---|---|---|
| Action Aviation | Secured Creditor | Unknown, Disputed | International Client |
| ADP, Inc. | Creditor | $5,522 | Client |
| American Express | Creditor | $8,276 | Client |
| AT&T | Creditor | $9,119 | Client |
| Aviall-Houston (Aviall Inc.) | Creditor | $277 | Client |
| Aviation Technologies LLC | Creditor | $12,731 | Client |
| Ceva Logistics LLC | Creditor | $4,850 | Client |
| Emivest Aviation (US) LLC | Secured Creditor | $38,698,499.50 | Client |
| Ernst & Young LLP | Creditor | $90,057 | International Client |
| Fulbright & Jaworski LLP | Creditor | $53,087 | Client |
| Future Metals, Inc. | Creditor | $1,663 | Client |
| Gamesa | Creditor | $1,500,000 | Client |
| Israel Aerospace Industries LTD | Creditor | $197,752 | Client |
| KPMG LLP | Creditor | $85,000 | Client |
| Mobile Mini, Inc. | Creditor | $582 | Client |
| Nordam Group, Inc. | Creditor | $12,964 | International Client |

EAST\43809581.2

| Sprint | Creditor | $3,820 | Client |
|---|---|---|---|
| Thyssenkrupp Elevator Corp. | Creditor | $5,289 | International Client |
| United Rentals | Creditor | $696 | Client |
| UPS | Creditor | $192 | Client |
| Verizon | Creditor | $1,317 | Client |
| Xerox Corporation | Creditor | $5,240 | Client |

## Affiliates of Clients:

| PARTY | RELATION TO DEBTOR | CLAIM AMOUNT C/U/D | NOTES |
|---|---|---|---|
| Ametek Advanced Industries | Creditor | $104,410 | Affiliate of Client |
| Blue Cross Blue Shield of Texas | Creditor | $346,000 | Affiliate of Client |
| Cisco Systems Capital Corporation | Secured Creditor | Disputed | Affiliate of Client |
| ECG Enterprises Inc. | Creditor | $9,180 | Affiliate of Client |
| FedEx | Creditor | $215.29 | Affiliate of Client |
| Fidelity Investments Institutional | Creditor | $11,988 | Affiliate of Client |
| GE Aviation Systems LLC[1] | Creditor | $32,735 | Affiliate of Client |
| Hexcel Engineered Products- Kent Division | Creditor | $8,538 | Affiliate of Client |
| Meggit Aircraft Braking Systems Corporation | Creditor | $45,226 | Affiliate of Client |
| Metlife Small Business Center | Creditor | $20,028 | Affiliate of Client |
| Securaplane Technologies | Creditor | $9,639 | Affiliate of Client |
| Staybridge Suites Airport | Creditor | $39,858 | Affiliate of Client |

---

[1] In 2008, work attributable to GE entities constituted 0.92% of DLA Piper revenues, 1.60% of revenues in 2009, and thus far in 2010 work for GE has accounted for approximately 1.60% of firm billings.

| Wells Fargo Securities, LLC (f/k/a/ Wachovia Capital Markets LLC) | Secured Creditor | $4,269,950.50 | Affiliate of Client |
|---|---|---|---|
| Williams International | Creditor | $404 | Affiliate of Client |

## Former Clients and Affiliates of Former Clients

| PARTY | RELATION TO DEBTOR | CLAIM AMOUNT C/U/D | NOTES |
|---|---|---|---|
| Allegheny Power | Creditor | $3,098 | Former Client |
| APD Incorporated | Creditor | $421 | Affiliate of Former Client |
| CIT Technology Fin Serv, Inc. | Creditor | $7,534 | Affiliate of Former Client |
| Emirates Investment & Development Company PSC | Parent Company of the Debtor | n/a | Former Client |
| Lenscrafters, Inc. | Creditor | $91 | Former Client |
| Pitney Bowes Global Financial Svs | Creditor | $1,171 | Affiliate of Former Client |
| Spectrum Technologies | Creditor | $3,853 | Affiliate of Former Client |
| Triumph Fabrications | Creditor | $33,797 | Affiliate of Former Client |