# EXHIBIT B

# PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EMIVEST AEROSPACE CORPORATION., | Case No. 10-13391 (MFW) |
| Debtor. | |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DLA PIPER LLP (US) AS SPECIAL COUNSEL FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application, dated October 21, 2010 (the "Application")[1], and the supplemental application, dated November 11, 2010 (the "Supplemental Application") of the above-captioned debtor and debtor in possession (the "Debtor"), for authority pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtor to retain the firm of DLA Piper LLP (US) ("DLA Piper") as special counsel in its chapter 11 case as of October 20, 2010 (the "Petition Date"); and upon the Declaration of Timothy W. Walsh (the "Declaration"), annexed to the Application as Exhibit A, and the Supplemental Declaration of Timothy W. Walsh (the "Supplemental Declaration"), annexed to the Supplemental Application as Exhibit A, and all as more fully set forth in the Application and Supplemental Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. sections 157 and 1334; and consideration of the Application and Supplemental Application and relief requested therein being a core proceeding pursuant to 28

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

U.S.C. section 157(b); and venue being proper before this Court pursuant to 28 U.S.C. sections 1408 and 1409, and due and proper notice of the Application and Supplemental Application having been provided to the necessary parties, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application and Supplemental Application (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Application and Supplemental Application is in the best interests of the Debtor, its creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Application and Supplemental Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application and Supplemental Application are GRANTED to the extent set forth herein; and it is further

ORDERED that pursuant to Bankruptcy Code section 327(e), the Debtor hereby is authorized to retain DLA Piper as special counsel in this chapter 11 case and DLA Piper is authorized to perform the services set forth in the Application and Supplemental Application; and it is further

ORDERED that the Debtor's retention of DLA Piper is hereby approved effective *nunc pro tunc* to the Petition Date, and it is further

ORDERED that DLA Piper shall be compensated in accordance with procedures set forth in Bankruptcy Code sections 330 and 331, the applicable Bankruptcy Rules, the Local Rules, the

United States Trustee's guidelines, and such other procedures as may be fixed by order of this Court; and it is further

ORDERED, that in the event that DLA Piper increases the rates for its services, DLA Piper will file a supplemental affidavit with the Court describing such increases and provide notice of such increases to the United States Trustee; and it is further

ORDERED, that DLA Piper is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that to the extent there is an inconsistency among this Order, the Application or Supplemental Application, or the Declaration or Supplemental Declaration, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2010
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE