UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| EMIVEST AEROSPACE CORPORATION | : | Case Number 10-13391 (MFW) |
| | : | |
| Debtors. | : | |
| | : | |
| | : | Hearing Date: November 23, 2010 at 3:00 p.m. |

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT
TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507, BANKRUPTCY RULE 4001, AND
LOCAL RULE 4001-2 (I) AUTHORIZING THE DEBTOR TO (A) OBTAIN POST-
PETITION FINANCING AND (B) UTILIZE CASH COLLATERAL; (II) GRANTING
LIENS AND PROVIDING SUPER-PRIORITY ADMINISTRATIVE EXPENSE STATUS;
GRANTING ADEQUATE PROTECTION; AND (IV) SCHEDULING A FINAL
HEARING**

The United States Trustee, by and through her counsel, hereby files the following Objection to the Debtors' motion (the "Motion") For Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507, Bankruptcy Rule 4001, and Local Rule 4001-2 (I) Authorizing the Debtor to (A) Obtain Post-Petition Financing and (B) Utilize Cash Collateral; (II) Granting Liens and Providing Super-Priority Administrative Expense Status; Granting Adequate Protection; and (IV) Scheduling a Final Hearing.

**Background**

1. Roberta A. DeAngelis is the United States Trustee ("UST") for this District.

2. Pursuant to 28 U.S.C. § 586, the UST is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.

*See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard with regard to the above referenced Response.

4. On October 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has been in possession of its properties and operating the businesses as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On November 4, 2010, the UST appointed the Official Committee of Unsecured Creditors (the "Creditors Committee").

6. The Debtors are seeking approval of post-petition financing, which includes terms that allow, under certain circumstances, after a default is declared, the lenders or lenders' affiliates to act as an "agent" for the debtor and liquidate assets of the estate, for the lenders' benefit and for the purported benefit of the debtor, other creditors and the estate.

**Basis for Relief Requested**

7. The UST objects to those provisions that allow for the lender or its affiliates to act as "agents" for the Debtor. The UST believes that the services proposed to be performed are the services that would be rendered as a professional authorized to be employed under the requirements set forth in 11 U.S.C.§ 327. The UST believes that the lenders and their affiliates would not satisfy the requirements of 11 U.S.C.§327 even if the Debtor sought Court authorization pursuant to the statute.

8. The UST believes that the lenders and their affiliates have a material adverse interest to the Debtor and the estate. As such, they could not properly carry out the duties of the fiduciary. Nevertheless, the UST believes that if the Debtor seeks court approval of a liquidation of estate assets, it must file the appropriate application under §327 (and Rule 2014), for its professionals selected to conduct or assist in the liquidation.

9. The UST objects to the proposed compensation to be paid to the lenders and affiliates as there is no requirement that fee applications be filed. Further, the UST believes the compensation is excessive. By way of comparison, the proposed cooperation exceeds the maximum commissions that a Chapter 7 trustee would be authorized to request if one were serving in this case.

10. The Financing Agreement also provides for the Debtors to fully indemnify the lenders in their capacity as agent for the Debtor. A professional retained in a case in this Circuit is subject to certain standards, including limited indemnification. To the extent that the lenders/agents are granted authorization to act as a professional on behalf of the Debtor, they should only be provided indemnification that is appropriate for a retained professional under relevant Third Circuit law. *See In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003).

11. The UST leaves the Debtor to its burden and reserves any and all of her rights to, *inter alia*, conduct discovery and to modify, amend, supplement, augment this objection, including reserving all rights to object to any application filed under §327, and take whatever other actions are deemed necessary and appropriate.

WHEREFORE, the United States Trustee respectfully requests this Court issue a ruling commensurate with the above referenced objection, and award such other relief as this Court

deems appropriate under the circumstances.

                Respectfully submitted,

                ROBERTA A. DEANGELIS
                United States Trustee

        BY:    */s/ Kevin Callahan*
                Kevin Callahan
                Trial Attorney
                Office of the United States Trustee
                J. Caleb Boggs Federal Building
                844 King Street, Suite 2207
                Wilmington, DE 19801
Dated: November 19, 2010    (302) 573-6491
                (302) 573-6497 fax machine