## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| EMIVEST AEROSPACE CORPORATION | Case No. 10-13391 (MFW) |
| Debtor.[1] | |

## GLOBAL NOTES REGARDING DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (the "Schedules") and the Statement of Financial Affairs (the "Statement") filed by Emivest Aerospace Corporation (the "Debtor") in the above-captioned case have been prepared by the Debtor's management in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 1007, and are unaudited. The Debtor's financial affairs and business are large and complex. While the Debtor's management has made every reasonable effort to ensure that the Schedules and Statement are accurate and complete, based upon information that was available to them at the time of preparation, the subsequent receipt of information may result in material changes to the financial data and other information contained therein. The Debtor reserves the right to amend the Schedules and Statement from time to time as may be necessary or appropriate.

These Global Notes Regarding Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Global Notes") are to be considered when reviewing each of the Schedules and the Statement. The Global Notes are incorporated by reference in, and comprise an integral part of, the Schedules and Statement, and should be referred to and reviewed in connection with any review of the Schedules and Statement. Disclosure of information in one Schedule, Statement, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

**The Schedules, Statement and Global Notes should not be relied upon by any person for information relating to current or future financial conditions, events or performance of the Debtor.**

1.    Description of the Case and Information "As of" Date. On October 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under chapter 11 of the Bankruptcy Code. The case is administered under case number 10-13391 (MFW). The Debtor is currently operating its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Unless otherwise stated, asset and liability information is as of

---

[1]    The last four digits of the Debtor's federal tax identification number are 8827. The Debtor's mailing address and corporate headquarters is 1770 Skyplace Blvd., San Antonio, TX 78216.

the Petition Date. Additionally, the Debtor has made every effort to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statement. As additional information becomes available to and further research is conducted by the Debtor, the Debtor's allocation of liabilities between prepetition and postpetition periods may change.

2.  Basis of Presentation. The Schedules and Statement do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP").

3.  Summary of Significant Reporting Policies.

(a)  Book Value. Unless otherwise noted, each asset and liability of the Debtor is shown on the basis of the net book value of the asset or liability in accordance with the Debtor's accounting and/or tax books and records as of the Petition Date. Unless otherwise noted, the Schedules reflect the carrying value of the assets and liabilities as listed in the Debtor's books, and are not based upon any estimate of their current market values.

(b)  Cash. Cash balances in the Debtor's bank accounts set forth in the Schedule B are based on the book balance as of the Petition Date.

(c)  Payments Made Within 90 Days Prior to the Petition Date. Payments made to noninsider employees for ordinary course salaries, wages, bonuses, expense reimbursements, commissions and employee benefits were omitted from Statement 3(b).

(d)  Inventories. Inventories are stated at the lower of cost or market and cost is determined by the "first-in, first-out" method. The Debtor reserves all rights with respect to the valuation of any inventories.

(e)  Property and Equipment: Owned. Owned property and equipment are stated at net book value (cost less depreciation and amortization). Depreciation and amortization are provided principally on the "straight-line" method over the assets' estimated useful lives as follows: 3 - 15 years for buildings and 3 - 14 years for fixtures and equipment. Although accelerated depreciation methods may be used for tax reporting purposes, the Schedules and Statement reflect straight-line methods.

(f)  Property and Equipment: Leased. In the ordinary course of its business, the Debtor leases real property and various articles of personal property, including furniture, fixtures and equipment, from certain third-party lessors. All such leases are set forth in the Schedules. Leases not deemed to be capital leases are listed in the list of executory contracts contained in Schedule G; the property that is the subject of such leases therefore has been excluded from Schedule A (real property) and Schedule B, and the lease payments under such leases have been excluded from Schedule D. Unpaid lease payments are listed in Schedule F (unsecured claims). However, nothing in the

Schedules or Statement is or shall be construed as an admission or determination as to the legal status of any lease (including whether it is a true lease or a financing arrangement) and the Debtor reserves all rights with respect to all such issues.

(g) <u>Setoffs</u>. Setoffs incurred in the ordinary course of business may be reflected in the amounts included in the Schedules and Statement and are not independently accounted for or listed in the Debtor's Schedules and Statement. The Debtor reserves all rights to challenge any setoff and/or recoupment rights that may be asserted.

(h) <u>Credits or Adjustments</u>. The claims of individual creditors for, among other things, goods, products or services are listed as amounts entered on the Debtor's books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtor. The Debtor reserves all of its rights respecting such credits, allowances and other adjustments.

(i) <u>Litigation</u>. The Debtor has listed in Schedule F all known claimants related to any pending or threatened litigation action as contingent, disputed and unliquidated with unknown amounts. Although claim amounts were not estimated, allowed claims, if any, for these claimants may be substantial. The Debtor has listed in Statement 4(a) the various litigation matters to which the Debtor was a party within the past year. The Statement does not include administrative or other proceedings concerning *de minimis* amounts.

(j) <u>Causes of Action</u>. The Debtor has not necessarily set forth all claims or causes of action against third parties as assets in the Schedules and Statement. The Debtor reserves all of its rights with respect to any such claims or causes of action it may have and neither these Global Notes nor the Schedules and Statement shall be deemed a waiver of any such causes of action.

(k) <u>Secured Claims</u>. Except as otherwise agreed pursuant to a stipulation or agreed order or order entered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims, except as otherwise agreed pursuant to a stipulation or agreed order or order entered by the Bankruptcy Court, the Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim. Furthermore, secured claim amounts have been listed on Schedule D without regard to the value of assets secured thereby. No attempt was made by the Debtor to estimate the fair market value as of the Petition Date of assets pledged pursuant to a secured obligation. Accordingly, deficiency claims of secured creditors were not listed on Schedule F and such omission is not an admission by the Debtor as to the sufficiency of collateral related to any secured claim listed on Schedule D. The descriptions

provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statement shall be deemed a modification or interpretation of the terms of such agreements.

(l)     Priority Claims.  Priority claims related to various tax obligations have been listed on Schedule E.   Moreover, although the Debtor may have scheduled claims of various creditors as priority claims, the Debtor reserves all rights to dispute or challenge the priority treatment of any such creditor's claim (or portion thereof) or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

(m)     Licenses and Taxes.   In the ordinary course of the Debtor's business, the Debtor may acquire certain licenses that may, under certain circumstances, be characterized as a tax.  Conversely, in the ordinary course of the Debtor's business, the Debtor may incur certain tax obligations that may, under certain circumstances, be characterized as a license.  The Debtor's designation of any claim as a tax or a license is not an admission that such claim is a tax or a license.  The Debtor reserves the right to dispute or challenge whether any amount listed as a tax or license is properly characterized as a tax or license.

(n)     Executory Contracts and Unexpired Leases.    The Debtor's business is complex. While every effort has been made to ensure the completeness and accuracy of the listing of executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtor reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.   Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.   Such rights, powers, duties and obligations are not set forth on Schedule G.   Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Schedule G does not include stand-alone equipment purchase orders.  Additionally, the Debtor may be party to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  Similarly, the absence of a contract or agreement on Schedule G does not constitute an admission that any other contract or agreement to which a Debtor is a party is not executory.  Parties to executory contracts and unexpired leases were not listed on Schedule F, except where past due

amounts were recorded in the Debtor's accounts payable. The Debtor has not listed on Schedule F landlords and executory contract counter-parties which may have claims related to contract/lease rejection or other damages. The Debtor reserves all rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

       (o)    <u>Confidentiality</u>. Addresses of former and current employees of the Debtor are generally not included in the Schedules and Statement. Notwithstanding, the Debtor will mail any required notice or other documentation to the address in the Debtor's books and records for such individuals.

       4.    <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E and F permit the Debtor to designate a claim as disputed, contingent and/or unliquidated. A failure to designate a claim on any of the Schedules as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection by the Debtor. The Debtor reserves the right to dispute, or assert offsets or defenses to, any claim reflected on the Schedules as to amount, liability or status.

       5.    <u>Global Notes Control</u>. In the event that the Schedules and Statement differ from the foregoing Global Notes, the Global Notes shall control.

**\*\*\*\* END OF GLOBAL NOTES \*\*\*\***

**\*\*\*\* STATEMENT BEGINS ON FOLLOWING PAGE \*\*\*\***

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: EMIVEST AEROSPACE CORPORATION,  
           Debtor

Case No: 10-13391 (MFW)  
Chapter 11

## STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

    Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None", mark the box labeled "None"** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C § 101.

    Pursuant to Rule 1009 of the Federal Rules of Bankruptcy Procedure, the Debtor hereby reserves the right to amend this statement of financial affairs from time to time and at any time to, among other things, correct errors and/or omissions.

### 1. Income from employment or operation of business

☐
None

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Amount | Period | Source |
|---|---|---|
| $0.00 | 1/1/2008 - 12/31/2008 | OPERATIONS - SALE OF AIRCRAFT, PARTS AND SERVICES |
| $12,078,820.49 | 1/1/2009 - 12/31/2009 | OPERATIONS - SALE OF AIRCRAFT, PARTS AND SERVICES |
| $109,261.09 | JAN. 2010 - OCT. 20, 2010 | OPERATIONS - SALE OF AIRCRAFT, PARTS AND SERVICES |

### 2. Income other than from employment or operation of business

☐
None

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Amount | Period | Source (If more than one) |
|---|---|---|
| $293,632.00 | 1/1/2008 - 12/31/2008 | INTEREST & OTHER (PRIMARILY FROM BANK ACCOUNTS) |
| $108,306.00 | 1/1/2009 - 12/31/2009 | INTEREST & OTHER (PRIMARILY FROM BANK ACCOUNTS) |
| $28,471.00 | JAN. 2010 - OCT. 20, 2010 | INTEREST & OTHER (PRIMARILY FROM BANK ACCOUNTS) |

### 3. Payments to creditors
*Complete a. or b., as appropriate, and c.*


None

3a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

None

3b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | CHECK/WIRE # | Amount Still Owing |
|---|---|---|---|---|
| AT&T<br>PO BOX 4845<br>HOUSTON, TX 77097-008 | 14-OCT-10 | $2,000.00 | 2562 | SEE FOOTNOTE |
| AT&T<br>PO BOX 4845<br>HOUSTON, TX 77097-008 | 11-AUG-10 | $3,767.23 | 88427 | SEE FOOTNOTE |
| AT&T<br>PO BOX 4845<br>HOUSTON, TX 77097-008 | 29-JUL-10 | $120.60 | 88396 | SEE FOOTNOTE |
| AT&T<br>PO BOX 4845<br>HOUSTON, TX 77097-008 | 21-JUL-10 | $3,915.66 | 88377 | SEE FOOTNOTE |
| AT&T<br>PO BOX 4845<br>HOUSTON, TX 77097-008 | 1-JUL-10 | ($3,915.66) | 88344 | SEE FOOTNOTE |
| BROADWAY NATIONAL BANK<br>P.O. BOX 17001<br>SAN ANTONIO, TX 78217 | 14-OCT-10 | $20,851.38 | 2564 | SEE FOOTNOTE |
| CITY OF SAN ANTONIO (AVIATION)<br>DEPARTMENT OF AVIATION<br>9800 AIRPORT BLVD<br>SAN ANTONIO, TX 78216-9990 | 14-OCT-10 | $8,276.83 | 2565 | SEE FOOTNOTE |
| COMPTROLLER OF PUBLIC ACCOUNTS<br>PO BOX 149354<br>AUSTIN, TX 78714-9354 | 19-OCT-10 | $33,057.96 | 2567 | SEE FOOTNOTE |
| COMPTROLLER OF PUBLIC ACCOUNTS<br>PO BOX 149354<br>AUSTIN, TX 78714-9354 | 1-SEP-10 | $100,000.00 | 88438 | SEE FOOTNOTE |
| COMPTROLLER OF PUBLIC ACCOUNTS<br>PO BOX 149354<br>AUSTIN, TX 78714-9354 | 29-JUL-10 | $50.00 | 2538 | SEE FOOTNOTE |
| COMPTROLLER OF PUBLIC ACCOUNTS<br>PO BOX 149354<br>AUSTIN, TX 78714-9354 | 29-JUL-10 | $9,044.43 | 2539 | SEE FOOTNOTE |
| COMPTROLLER OF PUBLIC ACCOUNTS<br>PO BOX 149354<br>AUSTIN, TX 78714-9354 | 28-JUL-10 | $100,000.00 | 2534 | SEE FOOTNOTE |
| CPS ENERGY<br>PO BOX 1771<br>SAN ANTONIO, TX 78296-1771 | 8-OCT-10 | $11,515.00 | 2557 | SEE FOOTNOTE |

**3b. (continuation)**

| Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | CHECK/WIRE # | Amount Still Owing |
|---|---|---|---|---|
| CPS ENERGY<br>PO BOX 1771<br>SAN ANTONIO, TX 78296-1771 | 25-AUG-10 | $731.84 | 88434 | SEE FOOTNOTE |
| CPS ENERGY<br>PO BOX 1771<br>SAN ANTONIO, TX 78296-1771 | 2-AUG-10 | $11,759.33 | 2542 | SEE FOOTNOTE |
| CPS ENERGY<br>PO BOX 1771<br>SAN ANTONIO, TX 78296-1771 | 29-JUL-10 | $1,157.50 | 88401 | SEE FOOTNOTE |
| CPS ENERGY<br>PO BOX 1771<br>SAN ANTONIO, TX 78296-1771 | 1-JUL-10 | ($11,734.33) | 88349 | SEE FOOTNOTE |
| FIDELITY INVESTMENTS INSTITUTIONAL SERVICES CO., INC.<br>82 DEVONSHIRE STREET<br>BOSTON, MA 02109 | 28-SEP-10 | $22,252.13 | 2554 | SEE FOOTNOTE |
| FIDELITY INVESTMENTS INSTITUTIONAL SERVICES CO., INC.<br>82 DEVONSHIRE STREET<br>BOSTON, MA 02109 | 2-SEP-10 | $13,969.95 | 2550 | SEE FOOTNOTE |
| FIDELITY INVESTMENTS INSTITUTIONAL SERVICES CO., INC.<br>82 DEVONSHIRE STREET<br>BOSTON, MA 02109 | 29-JUL-10 | $6,081.67 | 2536 | SEE FOOTNOTE |
| GE AVIATION SYSTEMS LLC<br>ELECTRONIC SYSTEMS ROCKFORD, 1354 CLIFFORD AVE.<br>LOVES PARK, IL 61132 | 16-AUG-10 | $32,735.00 | 2544 | SEE FOOTNOTE |
| INTERNAL REVENUE SERVICE<br>1352 MARROWS ROAD, STE. 204<br>NEWARK, DE 19711-5445 | 2-SEP-10 | $107,705.58 | 2548 | SEE FOOTNOTE |
| INTERNAL REVENUE SERVICE<br>1352 MARROWS ROAD, STE. 204<br>NEWARK, DE 19711-5445 | 2-AUG-10 | $50,000.00 | 2540 | SEE FOOTNOTE |
| SECURITY AIR PARK, INC.<br>477 C-3A SANDAU<br>SAN ANTONIO, TX 78216 | 19-OCT-10 | $7,064.50 | 2568 | SEE FOOTNOTE |
| SECURITY AIR PARK, INC.<br>477 C-3A SANDAU<br>SAN ANTONIO, TX 78216 | 13-OCT-10 | $7,072.19 | 2558 | SEE FOOTNOTE |
| SECURITY AIR PARK, INC.<br>477 C-3A SANDAU<br>SAN ANTONIO, TX 78216 | 13-SEP-10 | $1,695.55 | 2553 | SEE FOOTNOTE |
| SECURITY AIR PARK, INC.<br>477 C-3A SANDAU<br>SAN ANTONIO, TX 78216 | 9-SEP-10 | $5,328.25 | 2552 | SEE FOOTNOTE |
| STANDARD FUNDING CORP.<br>335 CROSSWAYS PARK DRIVE<br>WOODBURY, NY 11797 | 11-OCT-10 | $8,477.89 | 2556 | SEE FOOTNOTE |

**3b. (continuation)**

| Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | CHECK/WIRE # | Amount Still Owing |
|---|---|---|---|---|
| STANDARD FUNDING CORP. 335 CROSSWAYS PARK DRIVE WOODBURY, NY 11797 | 1-SEP-10 | $8,477.89 | 2547 | SEE FOOTNOTE |
| STANDARD FUNDING CORP. 335 CROSSWAYS PARK DRIVE WOODBURY, NY 11797 | 29-JUL-10 | $10,314.43 | 2535 | SEE FOOTNOTE |
| STANDARD FUNDING CORP. 335 CROSSWAYS PARK DRIVE WOODBURY, NY 11797 | 29-JUL-10 | $123,347.38 | 88414 | SEE FOOTNOTE |
| WELLS FARGO SECURITIES LLC 201 SOUTH COLLEGE ST., 8TH FLOOR CHARLOTTE, NC 28288-0204 | 7-SEP-10 | $25,000.00 | 2551 | SEE FOOTNOTE |
| WELLS FARGO SECURITIES LLC 201 SOUTH COLLEGE ST., 8TH FLOOR CHARLOTTE, NC 28288-0204 | 2-AUG-10 | $100,000.00 | 2541 | SEE FOOTNOTE |

FOOTNOTE: TO THE EXTENT AMOUNTS ARE STILL OWING, THOSE AMOUNTS ARE REPORTED IN THE SCHEDULES OF ASSETS AND LIABILITIES AT SCHEDULES D, E OR F, AS APPLICABLE

3c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☐ None

| Relationship to Debtor | Name and Address of Creditor | Date of Payment | Amount Paid | Check No. | Amount Still Owing |
|---|---|---|---|---|---|
| EMPLOYEE | GULLION, JOSEPH ADDRESS AVAILABLE UPON REQUEST | 28-JAN-10 | $4,772.85 | 87859 | SEE FOOTNOTE |
| EMPLOYEE | GULLION, JOSEPH ADDRESS AVAILABLE UPON REQUEST | 11-DEC-09 | $2,902.80 | 87613 | SEE FOOTNOTE |
| EMPLOYEE | GULLION, JOSEPH ADDRESS AVAILABLE UPON REQUEST | 7-DEC-09 | $1,322.09 | 87589 | SEE FOOTNOTE |
| EMPLOYEE | GULLION, JOSEPH ADDRESS AVAILABLE UPON REQUEST | 7-DEC-09 | $1,322.09 | 87594 | SEE FOOTNOTE |
| EMPLOYEE | GULLION, JOSEPH ADDRESS AVAILABLE UPON REQUEST | 5-NOV-09 | $89.73 | 87421 | SEE FOOTNOTE |
| EMPLOYEE | GULLION, JOSEPH ADDRESS AVAILABLE UPON REQUEST | 30-OCT-09 | $5,777.40 | 87393 | SEE FOOTNOTE |

FOOTNOTE: TO THE EXTENT AMOUNTS ARE STILL OWING, THOSE AMOUNTS ARE REPORTED IN THE SCHEDULES OF ASSETS AND LIABILITIES AT SCHEDULES D, E OR F, AS APPLICABLE

FOOTNOTE: NATURE OF ALL PAYMENTS LISTED IS REIMBURSEMENT FOR EXPENSES (TRAVEL, ETC.). NONE OF THE ABOVE PAYMENTS ARE COMPENSATORY IN NATURE.

**4. Suits and administrative proceedings, executions, garnishments and attachments**

☐ None

4a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
|---|---|---|---|
| WELLS FARGO SECURITIES, LLC (F/K/A WACHOVIA CAPITAL MARKETS, LLC) V. EMIVEST AEROSPACE CORPORATION - CASE NO. 31 148 Y 312 08 | DEMAND FOR TRANSACTION AND ADVISORY FEES | AMERICAN ARBITRATION ASSOCIATION | ARBITRATION AWARD ENTERED IN FAVOR OF WELLS FARGO SECURITIES, LLC. |
| WELLS FARGO SECURITIES, LLC (F/K/A WACHOVIA CAPITAL MARKETS, LLC) V. EMIVEST AEROSPACE CORPORATION, CASE NO. 2009-CI-19790 | PETITION TO CONFIRM ARBITRATION AWARD | 131ST JUDICIAL DISTRICT, BEXAR COUNTY TEXAS | ARBITRATION AWARD CONFIRMED BUT SUBJECT TO FORBEARANCE AND SECURITY AGREEMENT DATED JUNE 7, 2010 |
| EMIVEST AEROSPACE CORPORATION V. CERTAIN MINORITY SHAREHOLDERS OF EMIVEST AEROSPACE CORPORATION | INDEMNITY ARBITRATION | JUDICIAL ARBITRATION AND MEDIATION SERVICES/ ENDDISPUTE | PENDING |
| TEXAS WORKFORCE COMMISSION V. EMIVEST AEROSPACE CORPORATION; TWC NO. 06-420494-7 | EMPLOYER'S DEFAULT NOTICE - TAX PAYMENT | NA | PENDING |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS V. EMIVEST AEROSPACE CORPORATION - HEARING NO. 100,479 | ACTION TO COLLECT SALES, EXCISE AND USE TAX | COMPTROLLER OF PUBLIC ACCOUNTS | DISMISSED BASED UPON SETTLEMENT AND PAYMENT PLAN |
| EEOC V. EMIVEST AEROSPACE CORPORATION; CHARGE # 451-2009-02348 | EEOC ACTION | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | SETTLED |
| FASTENAL COMPANY V. EMIVEST AEROSPACE CORPORATION; CASE NO. 2010-CI-14692 | BREACH OF CONTRACT | 166TH JUDICIAL DISTRICT, BEXAR COUNTY TEXAS | PENDING |
| BEXAR COUNTY TAX ASSESSOR COLLECTOR V. EMIVEST AEROSPACE CORPORATION, | NONPAYMENT OF BUSINESS PERSONAL PROPERTY TAXES | DEMAND LETTER FROM ATTORNEY FOR PLAINTIFF | PENDING |
| AMERICAN PRECISION MACHINING LLC V. EMIVEST AEROSPACE CORPORATION; CASE NO. CJ-2010-05859 | MONIES DUE AND OWING | TULSA COUNTY DISTRICT COURT, OKLAHOMA | PENDING |


X
None

4b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

☐ None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor or Seller | Date of Repossession, Foreclosure Sale, Transfer or Return | Description and Value of Property | Comments |
|---|---|---|---|
| AEROSONIC<br>1212 N. HERCULES AVE.<br>CLEARWATER, FL 33765 | 8/25/2010 | PARTS<br>$173,309.00 | RETURNED |
| APD<br>1269 W. STATE STREET<br>ONTARIO, CA 91762 | 8/25/2010 | PARTS<br>$421.00 | RETURNED |
| AVFUEL<br>PO BOX 1387<br>ANN ARBOR, MI 48106-1387 | 9/13/2010 | AIRCRAFT FUELING TRUCK<br>$0.00 | REPOSSESSED; TRUCK WAS ON OPERATING LEASE TO THE COMPANY |
| AVOX SYSTEMS<br>225 ERIE ST.<br>LANCASTER, NY 14086 | 8/25/2010 | PARTS<br>$2,124.00 | RETURNED |
| C&F<br>7202 ECKHERT RD., #6<br>SAN ANTONIO, TX 78238 | 7/22/2010 | PARTS<br>$146,400.00 | RETURNED |
| KISSLING<br>320A BUSINESS PARKWAY<br>GREER, SC 29651 | 8/23/2010 | PARTS<br>$6,598.00 | RETURNED |

## 6. Assignments and receiverships

☒ None

6a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ None

6b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

☒ None

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

☒ None

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

☐ None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| Name and Address of Payee | Name of Payor if other than Debtor | Date of Payment | Amount of Money or Description and Value of Property |
|---|---|---|---|
| DLA PIPER<br>PO BOX 75190<br>BALTIMORE, MD 21275 | EMIRATES INVESTMENT & DEVELOPMENT COMPANY | 7/26/2010 | $1,828.50 |
| DLA PIPER<br>PO BOX 75190<br>BALTIMORE, MD 21275 | EMIRATES INVESTMENT & DEVELOPMENT COMPANY | | $150,000.00 |
| DONLIN, RECANO & COMPANY, INC.<br>419 PARK AVENUE SOUTH<br>NEW YORK, NY 10016 | | 10/28/2010 | $1,650.00 |
| DONLIN, RECANO & COMPANY, INC.<br>419 PARK AVENUE SOUTH<br>NEW YORK, NY 10016 | | 11/8/2010 | $5,778.00 |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 NORTH MARKET STREET<br>18TH FLOOR<br>WILMINGTON, DE 19899 | EMIRATES INVESTMENT & DEVELOPMENT COMPANY | | $50,000.00 |

**10. Other transfers**

☐ None

10a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee | Relationship To Debtor | Date | Describe Property Transferred | Value Received | Description of Value Received |
|---|---|---|---|---|---|
| EMIVEST AVIATION US, LLC<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR OFFICE NO. 301-302  PO BOX 62220<br>DUBAI<br>UAE | PARENT COMPANY | 1/1/2009 | SECURITY INTEREST IN ALL CAPITAL STOCK AND PERSONAL AND FIXTURE PROPERTY, INSTRUMENTS, DOCUMENTS, ETC. | $38,699,945.00 | BORROWINGS AGAINST SECURED REVOLVING NOTE PAYABLE |
| LIEBHERR INTERNATIONAL DEUTSCHLAND GMBH DIETER FRASCH, LIEBHERR-INTERNATIONAL DEUTSCHLAND GMBH HANS-LIEBHERR - STR. 45 BIBERACH/RISS 88400 DEUTSCHLAND | CUSTOMER | 2/24/2010 | SECURITY INTEREST IN AIRCRAFT 009 IN WIP INCLUDING ALL INSTALLED PARTS AND ENGINES | $1,525,000.00 | VALUE RECEIVED REPRESENTED DOWN PAYMENT ON PURCHASE AGREEMENT FOR AIRCRAFT |

☒ None

10b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

☐ None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Account Type | Last Four digits of Account Number | Amount of Final Balance | Date of Sale or Closing | Comments |
|---|---|---|---|---|---|
| FIFTH THIRD BANK<br>PO BOX 630900<br>CINCINNATI, OH 45263-0900 | CHECKING | 3679 | $25,366.22 | 9/23/2010 | ACCOUNT WAS SETUP AND MAINTAINED PER AGREEMENT FOR ONE YEAR TO SUPPORT CUSTOMER'S AIRCRAFT. AFTER CLOSING, AMOUNT WAS DEPOSITED IN CITIBANK ACCOUNT |

**12. Safe deposit boxes**

☒ None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

☒ None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

☐ None

List all property owned by another person that the debtor holds or controls.

| Name and Address of Owner | Description of Property | Value of Property | Location of Property |
|---|---|---|---|
| ADP<br>320 INTERPARK BLVD.<br>SAN ANTONIO, TX 78216 | TIME CLOCKS | UNKNOWN | 1770 SKYPLACE BLVD,<br>SAN ANTONIO, TX |
| ALLIED WASTE<br>4542 SE LOOP 410<br>SAN ANTONIO, TX 78222 | WASTE CONTAINER | UNKNOWN | 1770 SKYPLACE BLVD,<br>SAN ANTONIO, TX |
| BLOSSOM SENTINEL FORESTER INC.<br>11620 WILSHIRE BLVD., STE. 705,<br>LOS ANGELES, CA 90025 | BUILDING | UNKNOWN | 10550 SENTINEL DRIVE,<br>SAN ANTONIO, TX |
| CIT<br>PO BOX 550599<br>JACKSONVILLE, FL 32255-0599 | COPIERS | UNKNOWN | 1770 SKYPLACE BLVD,<br>SAN ANTONIO, TX |

## 14. Property held for another person (continuation)

| Name and Address of Owner | Description of Property | Value of Property | Location of Property |
|---|---|---|---|
| CITY OF SAN ANTONIO DEPARTMENT OF AVIATION, 9800 AIRPORT BLVD. SAN ANTONIO, TX 78216-9990 | GROUND LEASE | UNKNOWN | 1770 SKYPLACE BLVD, SAN ANTONIO, TX |
| EASTERN WEST VIRGINIA REGIONAL AIRPORT AIRPORT AUTHORITY, ROUTE 4, BOX 431-A MARTINSBURG, WV 25401 | GROUND LEASE | UNKNOWN | 731 NOVAK DRIVE, MARTINSBURG, WV |
| GE CAPITAL PO BOX 3083 CEDAR RAPIDS, IA 52406-3083 | COPIER | UNKNOWN | 731 NOVAK DRIVE, MARTINSBURG, WV |
| HONEYWELL BUS. & COMM. AVIA. SYS. DIV., 21111 NORTH 19TH AVE., PHOENIX, AZ 85027 | AVIONICS | UNKNOWN | 1770 SKYPLACE BLVD, SAN ANTONIO, TX |
| MATHESON TRI GAS 3566 N. PAN AM EXPRESSWAY SAN ANTONIO, TX 78219 | CYLINDERS | UNKNOWN | 1770 SKYPLACE BLVD & 411 SANDAU DRIVE, SAN ANTONIO TX |
| MOBILE MINI 7420 S KYRENE RD. STE. 101 TEMPE, AZ 85283 | SHIPPING CONTAINERS | UNKNOWN | 19819 84TH AVE. SOUTH, KENT, WA |
| PITNEY BOWES 27 WATERVIEW DRIVE SHELTON, CT 06484 | POSTAGE MACHINE | UNKNOWN | 1770 SKYPLACE BLVD, SAN ANTONIO, TX |
| SECURITY AIR PARK 477 C-3A SANDAU SAN ANTONIO, TX 78216 | BUILDING | UNKNOWN | 411 SANDAU, SAN ANTONIO, TX |



**X**
None

### 15. Prior address of debtor
If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

**X**
None

### 16. Spouses and Former Spouses
If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.


None

17a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and if known, the Environmental Law:


None

17b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.


None

17c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**


None

18a. If the debtor is an individual, list the names and addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.


None

18b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

☐
None

19a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|
| CHRISTINE PARKER<br>1770 SKYPLACE BLVD<br>SAN ANTONIO, TX 78216 | NOV, 1996 TO PRESENT |
| IDA GARCIA<br>ADDRESS AVAILABLE UPON REQUEST | FEB, 2009 TO MAY, 2009 |
| JOEL WOODS<br>1770 SKYPLACE BLVD<br>SAN ANTONIO, TX 78216 | JUN, 2002 TO PRESENT |
| LEIGH ANNE HADDOCK<br>ADDRESS AVAILABLE UPON REQUEST | DEC, 2008 TO JUL, 2010 |
| LINDA MCCORD<br>ADDRESS AVAILABLE UPON REQUEST | NOV, 2008 - DEC, 2008 |
| ROXANNE BOWEN<br>1770 SKYPLACE BLVD<br>SAN ANTONIO, TX 78216 | AUG, 2008 TO PRESENT |
| TESS QAMARI<br>1770 SKYPLACE BLVD<br>SAN ANTONIO, TX 78216 | SEP, 2005 TO PRESENT |

☐
None

19b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|
| KPMG. LLP<br>300 COVENANT<br>SUITE 1200<br>SAN ANTONIO, TX 78205 | JANUARY 2007 TO PRESENT |

☐
None

19c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| Name and Address | Dates Services Rendered |
|---|---|
| EMIVEST AEROSPACE CORPORATION<br>1770 SKYPLACE BLVD.<br>SAN ANTONIO, TX 78216 | BOOKS OF ACCOUNT AND RECORDS ARE ALL MAINTAINED AND KEPT AT THE COMPANY HEADQUARTERS. |

☐
None

19d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

| Name and Address | Date Issued | Comments |
|---|---|---|
| ANTHONY POWER 1770 SKYPLACE BLVD. SAN ANTONIO, TX 78216 USA | VARIOUS | UNAUDITED F/S PROVIDED MONTHLY, SEVERAL INSTANCES QUARTERLY WITH MULTIPLE COPIES FOR BOARD MEETINGS AND ON SEVERAL INSTANCES FOR DUE DILIGENCE REQUEST INCLUDING MORGAN JOSEPH, COUNSEL RB CAPITAL AND HARLOW AEROSTRUCTURES AMONG OTHERS. |
| EMIRATES INVESTMENT & DEVELOPMENT COMPANY PSC DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR OFFICE NO. 301-302 PO BOX 62220 DUBAI UAE | VARIOUS | UNAUDITED PROVIDED ON A MONTHLY BASIS; AUDITED FINANCIALS PROVIDED AS REQUESTED |

FOOTNOTE:  COMPILED TO THE BEST OF DEBTORS KNOWLEDGE; INCLUDES AUDITED AND UNAUDITED FINANCIALS

## 20. Inventories

☐
None

20a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| Date of Inventory | Inventory Supervisor | Dollar Amount of Inventory | (Specify Cost, Market or other basis) |
|---|---|---|---|
| LATE JANUARY 2010 - LATE APRIL, 2010 - SAN ANTONIO INVENTORY (CYCLE COUNTS TEMPORARILY SUSPENDED), CYCLE COUNTS RESUMED IN MAY 2010 AND STOPPED IN JUNE, 2010 | KEVIN HERLEHY, VP SUPPLY CHAIN | $29,463,970.00 | |

FOOTNOTE: THE COMPANY DOES NOT ORDINARILY PERFORM PERIODIC INVENTORIES.  INSTEAD THE COMPANY USED A CYCLE COUNT PROGRAM THROUGHOUT THE YEAR. HOWEVER, DUE TO REDUCTIONS IN PERSONNEL, THE CYCLE COUNT PROGRAMS IN MARTINSBURG AND SAN ANTONIO HAD TO BE STOPPED AND WERE LAST PERFORMED IN JUNE, 2009 AND JUNE, 2010 RESPECTIVELY.  ALTHOUGH THE MARTINSBURG CYCLE COUNTS WERE STOPPED IN JUNE, 2009, THERE WAS LITTLE OR NO INVENTORY MOVEMENT AFTER JUNE, 2009.   THE CYCLE COUNT PROGRAM RESULTED IN THE FOLLOWING INVENTORY RECORD ACCURACY: MARTINSBURG, 2008 - 100%; MARTINSBURG, 2009 - 100%; MARTINSBURG, 2010 - N.A; SAN ANTONIO, 2008 - 97%; SAN ANTONIO, 2009 - 96%; SAN ANTONIO, 2010 - 99%.

☐ **None**

20b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| Date of Inventory | Name and Address of Custodian of Inventory Records |
|---|---|
| JANUARY 2010 - LATE APRIL, 2010 | KEVIN HERLEHY<br>1770 SKYPLACE BLVD.<br>SAN ANTONIO, TX 78216 |

---

### 21. Current Partners, Officers, Directors, and Shareholders

☒ **None**

21a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

☐ **None**

21b. If the debtor is a corporation, list all the officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting or equity securities of the corporation.

| Name, Address and Title | Nature of Stock Ownership | Percentage of Stock Ownership |
|---|---|---|
| ABDULLAH MOHAMMED OBADILLAH<br>MEMBER/DIRECTOR<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR<br>OFFICE NO. 301-302  PO BOX 62220<br>DUBAI<br>UAE | | |
| ALI RASHID AL MAZROEI<br>MEMBER/DIRECTOR<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR<br>OFFICE NO. 301-302  PO BOX 62220<br>DUBAI<br>UAE | | |
| ANTHONY POWER<br>CEO<br>1770 SKYPLACE BLVD.<br>SAN ANTONIO, TX 78216<br>USA | | |
| ANTHONY POWER<br>MEMBER/DIRECTOR<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR<br>OFFICE NO. 301-302  PO BOX 62220<br>DUBAI<br>UAE | | |
| BOB BILES<br>VP IT<br>1770 SKYPLACE BLVD.<br>SAN ANTONIO, TX 78216<br>USA | | |
| BOB HOMAN<br>VP QUALITY<br>1770 SKYPLACE BLVD.<br>SAN ANTONIO, TX 78216<br>USA | | |

| Name, Address and Title | Nature of Stock Ownership | Percentage of Stock Ownership |
|---|---|---|
| BUTI SAEED AL GHANDI<br>CHAIRMAN/DIRECTOR<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR<br>OFFICE NO. 301-302 PO BOX 62220<br>DUBAI<br>UAE | | |
| CHI-MIN<br>MEMBER/DIRECTOR<br>YAO-HWA GLASS CO. LTD. MANAGEMENT<br>COMMISSION<br>NO. 15 FOO CHOW ROAD, 6TH FLOOR<br>TAIPEI<br>TAIWAN | | |
| EMIRATES INVESTMENT & DEVELOPMENT<br>COMPANY PSC<br>N/A<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR<br>OFFICE NO. 301-302 PO BOX 62220<br>DUBAI<br>UAE | SHAREHOLDER | 80.60% |
| J V KARNA<br>MEMBER/DIRECTOR<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR<br>OFFICE NO. 301-302 PO BOX 62220<br>DUBAI<br>UAE | | |
| JOEL WOODS<br>VP FINANCE<br>1770 SKYPLACE BLVD.<br>SAN ANTONIO, TX 78216<br>USA | | |
| JOEY CHU<br>MEMBER/DIRECTOR<br>YAO-HWA GLASS CO. LTD. MANAGEMENT<br>COMMISSION<br>NO. 15 FOO CHOW ROAD, 6TH FLOOR<br>TAIPEI<br>TAIWAN | | |
| KEVIN HERLEHY<br>VP SUPPLY CHAIN<br>1770 SKYPLACE BLVD.<br>SAN ANTONIO, TX 78216<br>USA | | |
| KHALIFA AL DABOOS<br>MEMBER/DIRECTOR<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR<br>OFFICE NO. 301-302 PO BOX 62220<br>DUBAI<br>UAE | | |
| MARK FAIRCHILD<br>VP MARKETING<br>1770 SKYPLACE BLVD.<br>SAN ANTONIO, TX 78216<br>USA | | |

**21b. (continuation)**

| Name, Address and Title | Nature of Stock Ownership | Percentage of Stock Ownership |
|---|---|---|
| MICHAEL MASCARENHAS<br>MEMBER/DIRECTOR<br>DUBAI HEALTH CARE CITY - B/P 47, 3RD FLOOR<br>OFFICE NO. 301-302  PO BOX 62220<br>DUBAI<br>UAE | | |
| YAO-HWA GLASS COMPANY<br>N/A<br>YAO-HWA GLASS CO. LTD. MANAGEMENT<br>COMMISSION<br>NO. 15 FOO CHOW ROAD, 6TH FLOOR<br>TAIPEI<br>TAIWAN | SHAREHOLDER | 10.83% |

**22. Former partners, officers, directors and shareholders**

[X] None   22a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

[ ] None   22b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| Name, Address and Title | Date of Termination |
|---|---|
| DOUG GORE<br>VP MANUFACTURING<br>ADDRESS AVAILABLE UPON REQUEST | 9/2/2010 |
| EILEEN BROOKS<br>VP HUMAN RESOURCES<br>ADDRESS AVAILABLE UPON REQUEST | 3/4/2010 |
| HUAN LIN<br>DIRECTOR<br>YAO-HWA GLASS CO. LTD. MANAGEMENT<br>COMMISSION<br>NO. 15 FOO CHOW ROAD, 6TH FLOOR<br>TAIPEI<br>TAIWAN | 11/17/2010 |
| JOE GULLION<br>COO<br>ADDRESS AVAILABLE UPON REQUEST | 2/26/2010 |
| JUNG-HO CHENG<br>DIRECTOR<br>YAO-HWA GLASS CO. LTD. MANAGEMENT<br>COMMISSION<br>NO. 15 FOO CHOW ROAD, 6TH FLOOR<br>TAIPEI<br>TAIWAN | 4/16/2010 |
| ROGER WILSON<br>VP ENGINEERING<br>ADDRESS AVAILABLE UPON REQUEST | 6/24/2010 |

**23. Withdrawals from a partnership or distributions by a corporation**

☐ None

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| Relationship To Debtor | Name and Address of Recipient | Date and Purpose of Withdrawal | Amount of Money or Description and value of Property | Check No. |
|---|---|---|---|---|
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 4/8/2010 VACATION LEAVE | $23,760.42 | 0037941 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 3/3/2010 REGULAR COMPENSATION | $5,192.31 | 0037481 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 3/3/2010 REGULAR COMPENSATION | ($5,192.31) | 0037481 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 3/3/2010 REGULAR COMPENSATION | $5,192.31 | 0037482 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 2/26/2010 REGULAR COMPENSATION | $4,153.85 | 0037465 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 2/26/2010 REGULAR COMPENSATION | $5,192.31 | 0037465 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 2/26/2010 VACATION LEAVE | $1,038.46 | 0037465 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 2/12/2010 CELL PHONE - REIMBURSEMENT | $100.00 | 0037312 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 2/12/2010 REGULAR COMPENSATION | $3,115.39 | 0037312 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 2/12/2010 REGULAR COMPENSATION | $5,192.31 | 0037312 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 2/12/2010 VACATION LEAVE | $2,076.92 | 0037312 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 1/29/2010 REGULAR COMPENSATION | $4,153.85 | 0037156 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 1/29/2010 REGULAR COMPENSATION | $5,192.31 | 0037156 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 1/29/2010 VACATION LEAVE | $1,038.46 | 0037156 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 1/15/2010 CELL PHONE - REIMBURSEMENT | $100.00 | 0036990 |

## 23. Withdrawals from a partnership or distributions by a corporation (continuation)

| Relationship To Debtor | Name and Address of Recipient | Date and Purpose of Withdrawal | Amount of Money or Description and value of Property | Check No. |
|---|---|---|---|---|
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 1/15/2010 HOLIDAY LEAVE | $5,192.31 | 0036990 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 1/15/2010 REGULAR COMPENSATION | $5,192.31 | 0036990 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/31/2009 HOLIDAY LEAVE | $2,076.92 | 0036840 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/31/2009 REGULAR COMPENSATION | $5,192.31 | 0036840 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/31/2009 REGULAR COMPENSATION | $1,038.46 | 0036840 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/31/2009 VACATION LEAVE | $2,076.92 | 0036840 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/18/2009 REGULAR COMPENSATION | $5,192.31 | 0036668 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/18/2009 REGULAR COMPENSATION | $5,192.31 | 0036668 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/4/2009 CELL PHONE - REIMBURSEMENT | $100.00 | 0036495 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/4/2009 HOLIDAY LEAVE | $2,076.92 | 0036495 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/4/2009 REGULAR COMPENSATION | $5,192.31 | 0036495 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 12/4/2009 REGULAR COMPENSATION | $3,115.39 | 0036495 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 11/20/2009 REGULAR COMPENSATION | $5,192.31 | 0036324 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 11/20/2009 REGULAR COMPENSATION | $4,153.85 | 0036324 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 11/20/2009 SICK LEAVE | $1,038.46 | 0036324 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 11/6/2009 CELL PHONE - REIMBURSEMENT | $100.00 | 0036153 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 11/6/2009 REGULAR COMPENSATION | $5,192.31 | 0036153 |

**23. Withdrawals from a partnership or distributions by a corporation (continuation)**

| Relationship To Debtor | Name and Address of Recipient | Date and Purpose of Withdrawal | Amount of Money or Description and value of Property | Check No. |
|---|---|---|---|---|
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 11/6/2009 REGULAR COMPENSATION | $5,192.31 | 0036153 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 11/6/2009 REGULAR COMPENSATION | ($3,115.39) | 0036153 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 11/6/2009 VACATION LEAVE | $3,115.39 | 0036153 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 10/23/2009 REGULAR COMPENSATION | $5,192.31 | 0035978 |
| EMPLOYEE - COO | GULLION, JOSEPH MILTON ADDRESS AVAILABLE UPON REQUEST | 10/23/2009 REGULAR COMPENSATION | $5,192.31 | 0035978 |

**24. Tax Consolidation Group**

☐ None

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

| Name of Parent Corporation | Taxpayer Identification Number |
|---|---|
| EMIVEST AEROSPACE CORPORATION | 74-2938827 |

**25. Pension Funds**

☒ None

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

DATE  Nov 29 2010                    SIGNATURE _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]
Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571