**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>EMIVEST AEROSPACE CORPORATION,<br><br>Debtor.[1] | : | Chapter 11<br><br>Case No. 10-13391 (MFW) |

# DECLARATION OF ANTHONY POWER REGARDING CONSUMER PRIVACY OMBUDSMAN

I, Anthony Power, under penalty of perjury, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am the chief executive officer of Emivest Aerospace Corporation, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case.

2. On January 14, 2011, the Debtor filed its *Emergency Motion of Debtor for Entry of an Order (I) Authorizing the Debtor to Enter Into a Certain Asset Purchase Agreement Between the Purchaser and the Debtor, (II) Authorizing and Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Approving and Authorizing the Purchaser Protections, and (V) Granting Related Relief* (the "Sale Motion") (D.I. 190).

3. In addition, on January 14, 2011, the Debtor filed its *Motion for Entry of an Order (A) Shortening Time for Notice of Hearing to Consider Emergency Motion of Debtor for Entry of*

---

[1] The last four digits of the Debtor's federal tax identification number are 8827. The Debtor's mailing address and corporate headquarters is 1770 Skyplace Blvd., San Antonio, TX 78216.

*an Order (I) Authorizing the Debtor to Enter Into a Certain Asset Purchase Agreement Between the Purchaser and the Debtor, (II) Authorizing and Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Approving and Authorizing the Purchaser Protections, and (V) Granting Related Relief, and (B) Directing the U.S. Trustee to Appoint a Consumer Privacy Ombudsman* (the "Motion to Shorten") (D.I. 192).[2]

4. In the Motion to Shorten, the Debtor requested, among other things, that the Court direct the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to appoint a consumer privacy ombudsman. In addition, in the Motion to Shorten, the Debtor reserved the right to withdraw its request for the appointment of a consumer privacy ombudsman in the event the Debtor determined that such appointment is not required based on the information being transferred in connection with the sale of substantially all of its assets to the Purchaser, as described in the Sale Motion.

5. On January 18, 2011, this Court entered an order granting the Motion to Shorten and directing the U.S. Trustee to appoint a consumer privacy ombudsman.

6. As noted in the Motion to Shorten, the Debtor maintains a certain privacy policy governing the use of personally-identifiable information collected or submitted through the Debtor's website.[3]

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Shorten.

[3] Customers who provided non-refundable deposits with the Debtor were subject to other agreements and not governed by this or any other privacy policy.

7. Over a certain period of time approximately two to three years ago, the Debtor collected certain personally-identifiable information from approximately 120 persons who expressed an interest in receiving information regarding the Debtor and/or its products. Such information collected included names, email addresses, and, in some cases, phone numbers (collectively, the "Website Information"). It has been approximately two years since the Debtor has collected any such information through its website.

8. In connection with the sale of substantially all of its assets, as described in the Sale Motion, the Debtor has determined that it will not be transferring any of the Website Information to the Purchaser. Instead, the Debtor will send correspondence to those persons that submitted the Website Information and, in such correspondence, will provide those persons with appropriate contact information for the Purchaser and advise them that they should contact the Purchaser if they wish to continue receiving information regarding the Debtor's products.

9. Therefore, in connection with the sale of substantially all of the Debtor's assets, no personally-identifiable customer information will be transferred to the Purchaser in a manner that is not consistent with the Debtor's privacy policy. Accordingly, the Debtor believes that the appointment of a consumer privacy ombudsman is not required and hereby withdraws its request for the appointment of such. The Debtor's advisors have communicated this to the U.S. Trustee and believe that the U.S. Trustee has no objection based on this representation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: January 24, 2011
San Antonio, Texas

Anthony Power
CEO
Emivest Aerospace Corporation