IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EMIVEST AEROSPACE CORPORATION, | Case No. 10-13391 (MFW) |
| Debtor.[1] | Re: D.I. 190, 194, 201<br>**Hearing Date: February 11, 2011 at 2:00 p.m. (ET)**<br>**Objections Due: January 28, 2011 at 4:00 p.m. (ET)** |

# RESPONSE OF WELLS FARGO SECURITIES, LLC, F/K/A WACHOVIA CAPITAL MARKETS, LLC TO THE EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTOR TO ENTER INTO A CERTAIN ASSET PURCHASE AGREEMENT BETWEEN THE PURCHASER AND THE DEBTOR, (II) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (III) AUTHORIZING AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) APPROVING AND AUTHORIZING THE PURCHASER PROTECTIONS, AND (V) GRANTING RELATED RELIEF

Wells Fargo Securities, LLC, f/k/a Wachovia Capital Markets, LLC ("Wells Fargo") by and through its undersigned counsel, hereby responds to the Emergency Motion of the Debtor for Entry of an Order (I) Emergency Motion of the Debtor for Entry of an Order (I) Authorizing the Debtor to Enter into a Certain Asset Purchase Agreement Between the Purchaser and the Debtor, (II) Authorizing and Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing and Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases, (IV) Approving and Authorizing the Purchaser Protections, and (V) Granting Related Relief (D.I. 190) ("Sale Motion"), and states as follows:

[1] The last four digits of the Debtor's federal tax identification number are 8827. The Debtor's mailing address and corporate headquarters is 1770 Skyplace Blvd., San Antonio, TX 78216.

## BACKGROUND

1. The American Arbitration Association entered an Arbitration Award against Emivest Aerospace Corporation (f/k/a Sino Swearingen Aircraft Corporation) ("Emivest") and in favor of Wells Fargo on November 12, 2009.

2. As a result of the Arbitration Award, Emivest and Wells Fargo entered into a certain Forbearance and Security Agreement effective June 7, 2010. As part of the Forbearance and Security Agreement, Wells Fargo obtained a security interest in all claims "against any person or entity that may liable to Emivest for indemnity, breach of contract, contribution, or any other legal or equitable theory of recovery available to Emivest in connection with the Award including without limitation the claims asserted in the Indemnity Arbitration whether now owned or hereafter acquired (collectively, the "Claims") and all cash and non-cash proceeds and products of the Claims including without limitation any proceeds received from a judgment or settlement in the Indemnity Arbitration (collectively, the "Collateral")."

3. On November 24, 2010, the Court entered the Final Order (A) Authorizing Debtor to (I) Obtain Post Petition Financing and Utilize Cash Collateral and (II) Grant Security Interests and Super Priority Administrative Expense Status pursuant to 11 U.S.C. §§ 105 and 364 (c) and (d); (B) Modifying the Automatic Stay pursuant to 11 U.S.C. § 362; (C) Authorizing Debtor to Enter into Agreements with Counsel RB Capital, LLC and EAI Capital, LLC; and (D) Granting Adequate Protection (D.I. 110) ("Final Order").

4. As part of the Final Order, Wells Fargo was identified and granted, among other things, a Super Priority Administrative Expense Claim in the amount of $750,000, secured by all assets of the Debtor, in partial satisfaction of Wells Fargo's claim against the Debtor.

5. On January 14, 2011, Debtor filed the Sale Motion. The Sale Motion, however, fails to identify the buyer; fails to provide an adequate description of the sale terms; and fails to describe how claims, including those of Wells Fargo, will be treated. Moreover, a copy of the purchase agreement was not attached to the Sale Morton.

## SALE MOTION

6. Wells Fargo, in general, supports the Debtor's Sale Motion to the extent that Wells Fargo's Claims against the Debtor, as well as its Super Priority Administrative Claim pursuant to the Final Order, are not affected by the entry of the Sale Order.

7. The Sale Order purports to exclude certain assets including "the Debtor's rights in connection with a certain arbitration proceeding between the Debtor and certain current and former shareholders…"

8. Wells Fargo holds a Security Interest to the above-referenced arbitration proceeding identified as an excluded asset in the Motion.

9. Wells Fargo seeks confirmation that all of its rights pursuant to the Final Order and the Forbearance and Security Agreement will remain unaffected by the entry of any Order approving the Sale Motion.

10. Moreover, Wells Fargo seeks clarification as to the purchaser, the terms of the sale, and the treatment of claims.

WHEREFORE, Wells Fargo Securities, LLC (f/k/a Wachovia Capital Markets, LLC) respectfully requests that the Court only enter such a Sale Order upon the conditions as set forth in the above response and granting such other and further relief as this Court deems just and proper.

Dated: January 28, 2011.

WOMBLE CARLYLE SANDRIDGE & RICE,
*A Professional Limited Liability Company*

Kevin J. Mangan (#3810)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Phone: (302) 252-4361
Fax: (302) 661-7729
Email: kmangan@wcsr.com

Heyward H. Bouknight III
Robinson, Bradshaw & Hinson
101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Phone: (704) 377-8124
Fax: (704) 339-3424
Email: hbouknight@rbh.com

*Counsel for Wells Fargo Securities, LLC*