# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| EMIVEST AEROSPACE CORPORATION, | Case No. 10-13391 (MFW) |
| Debtor.[1] | |

### NOTICE OF DEADLINE OF MARCH 21, 2011 AT 4:00 P.M. (ET) TO FILE (I) PROOFS OF CLAIM AND (II) REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES

PLEASE TAKE NOTICE OF THE FOLLOWING:

On October 20, 2010 (the "Petition Date"), Emivest Aerospace Corporation (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Court (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

Under the Bankruptcy Code, the Debtor is granted certain protections against creditors. A creditor is anyone to whom the Debtor owes money or property. Creditors are prohibited from taking any actions to collect money or property from the Debtor. If unauthorized actions are taken by a creditor against the Debtor, the Court may penalize that creditor. A creditor who is considering taking action against the Debtor, or property of the Debtor, may wish to consult an attorney. The staff of the Clerk of the Court is not permitted to give legal advice.

#### Prepetition Claim Bar Date

By Order of this Court entered on February 11, 2011 (D.I. 285) (the "Bar Date Order"), the last date and time for filing proofs of claim against the Debtor for any and all Prepetition Claims (as defined below) is **March 21, 2011 at 4:00 p.m. (ET)** (the "General Bar Date"), provided that the bar date applicable to governmental units (as defined in section 101(27) of the Bankruptcy Code) is **April 18, 2011 at 4:00 p.m. (ET)**. The General Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtor that arose on or before the Petition Date including claims for reclamation of goods delivered to the Debtor within forty-five (45) days prior to the Petition Date ("Prepetition Claims").

You MUST file a proof of claim if you have a claim that arose on or before the Petition Date, and it is not an Excluded Prepetition Claim (as defined below). Acts or omissions of the Debtor that arose on or before the Petition Date may give rise to claims against the Debtor notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Under section 101(5) of the Bankruptcy Code as used herein, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The General Bar Date applies to all Prepetition Claims, except that the following entities <u>do not</u> need to file proofs of claim:

(a) any entity that has already properly filed with the Claims Docketing Center (as defined below) a proof of claim against the Debtor for which no other or additional amounts or claims are sought;

(b) any entity (i) whose Prepetition Claim is not listed as "disputed," "contingent," or "unliquidated" in the Debtor's schedules of assets and liabilities (the "Schedules") and (ii) that agrees with the nature, classification, and amount of such Prepetition Claim set forth in the Schedules;

(c) any Entity whose Prepetition Claim has been allowed previously by, or paid pursuant to, an order of the Court;

---

[1] The last four digits of the Debtor's federal tax identification number are 8827. The Debtor's mailing address and corporate headquarters is 1770 Skyplace Blvd., San Antonio, TX 78216.

(d) any current or former equity security holder that seeks to assert <u>only</u> stock ownership interests.[2]

The foregoing claims are collectively referred to herein as the "Excluded Prepetition Claims."

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTOR OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

If you wish to submit a rejection damages claim arising from the Debtor's rejection of an executory contract or unexpired lease during this chapter 11 case, such proof of claim must be filed by the later of (a) the General Bar Date and (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court (the "Rejection Bar Date"). Any other claims arising before the Petition Date with respect to any leases or contracts of the Debtor must be filed by the General Bar Date.

**EXCEPT WITH RESPECT TO EXCLUDED PREPETITION CLAIMS, ANY ENTITY WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE MARCH 21, 2011 AT 4:00 P.M. (ET), FOR ANY PREPETITION CLAIMS THAT SUCH ENTITY HOLDS OR WISHES TO ASSERT AGAINST THE DEBTOR, WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH PREPETITION CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH PREPETITION CLAIM) AGAINST THE DEBTOR, AND THE DEBTOR AND ITS PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH PREPETITION CLAIM, AND SUCH ENTITY SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OR PARTICIPATE IN ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF SUCH PREPETITION CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH PREPETITION CLAIM.**

<u>Administrative Claim Bar Date</u>

Pursuant to the Bar Date Order, the last date and time for filing requests for payment of Administrative Expenses (as defined herein) that accrued prior to February 1, 2011, against the Debtor is **March 21, 2011 at 4:00 p.m. (ET)** (the "Administrative Bar Date" and, together with the General Bar Date, the Rejection Bar Date and the Amended Schedule Bar Date,[3] the "Bar Dates"). You MUST file a request for payment by the Administrative Bar Date if you hold or assert an Administrative Expense that accrued prior to February 1, 2011, and that is not an Excluded Administrative Expense (as defined below).

For purposes of application of the Administrative Bar Date, an "Administrative Expense" includes: (a) any right to payment constituting a cost or expense of administration under sections 503(b) (including, but not limited to, claims for goods delivered to the Debtor within twenty-one (21) days of the Petition Date under 503(b)(9)) and 507(a)(1) of the Bankruptcy Code, including without limitation (i) any actual and necessary costs and expenses of preserving the Debtor's estate, (ii) any actual and necessary costs and expenses of operating the Debtor's business, (iii) any indebtedness or obligations incurred or assumed by the Debtor post-petition in the ordinary course of its business and (iv) any claim for compensation and reimbursement of expenses held or asserted by any person or professional not retained or employed by the Debtor or the official committee of unsecured creditors (the "Committee") pursuant to an Order of the Court; (b) any right to payment or performance arising from and after the order for relief in the Debtor's bankruptcy case in respect of any unexpired lease of nonresidential real property pursuant to section 365(d) of the Bankruptcy Code; and (c) any right to payment or performance first arising from or after 60 days after the order for relief in the Debtor's bankruptcy case in respect of any unexpired lease of personal property pursuant to section 365(d)(5) of the Bankruptcy Code.

The Bar Date Order further provides that requests for payment of the following Administrative Expenses are not required to be filed by the Administrative Bar Date:

---

[2] Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership would be required to file a proof of claim by the General Bar Date.

[3] As defined in the Debtor's Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim and Requests for Payment of Administrative Expenses, (ii) Approving Proof of Claim and Administrative Expense Payment Request Forms, Bar Date Notices and Mailing and Publication Procedures and (iii) Providing Certain Supplemental Relief.

(a) any Administrative Expense in respect of which the claimant has already filed a formal request for payment with the Court;

(b) any Administrative Expense of a person or professional retained or employed by the Debtor or the Committee pursuant to an Order of the Court for compensation and reimbursement of expenses pursuant to sections 327, 328, 330 or 331 of the Bankruptcy Code;

(c) any Administrative Expense that has been fixed and allowed by Order of the Court; and

(d) any Administrative Expense of the Office of the United States Trustee in respect of claims that arise in connection with fees due under 28 U.S.C. § 1930.

The foregoing Administrative Expenses are collectively referred to herein as the "Excluded Administrative Expenses."

**EXCEPT WITH RESPECT TO EXCLUDED ADMINISTRATIVE EXPENSES, ANY ENTITY THAT FAILS TO FILE ON OR BEFORE MARCH 21, 2011 AT 4:00 P.M. (ET), A REQUEST FOR PAYMENT OF AN ADMINISTRATIVE EXPENSE ARISING PRIOR TO FEBRUARY 1, 2011, WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH ADMINISTRATIVE EXPENSE (OR FILING A REQUEST FOR PAYMENT WITH RESPECT TO SUCH ADMINISTRATIVE EXPENSE) AGAINST THE DEBTOR, AND THE DEBTOR AND ITS PROPERTY WILL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO SUCH ADMINISTRATIVE EXPENSE, AND SUCH ENTITY SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE.**

### Procedures Generally Applicable to the Filing of
### Proofs of Claim and Requests for Payment of Administrative Expenses

Except as provided herein, proofs of claim and requests for payment of Administrative Expenses must be filed so as to be received on or before **March 21, 2011 at 4:00 p.m. (ET)**.

A proof of claim or a request for payment of an Administrative Expense will be deemed timely filed only if the original proof of claim or request for payment of an Administrative Expense, as appropriate, is mailed or delivered by hand, courier or overnight service so as to be actually received by Donlin, Recano & Company, Inc. ("DRC"), at the following addresses (the "Claims Docketing Center") on or before the General Bar Date or Administrative Bar Date, as applicable:

**If via U.S. mail:**
Donlin, Recano & Company, Inc.
Re: Emivest Aerospace Corporation
P.O. Box 2008, Murray Hill Station
New York, NY 10156

**If via delivery by hand, courier, or overnight service:**
Donlin, Recano & Company, Inc.
Re: Emivest Aerospace Corporation
419 Park Avenue South, Suite 1206
New York, NY 10016

Proofs of claim and requests for payment of Administrative Expenses may not be sent by facsimile, telecopy or other electronic means.

If you file a proof of claim or request for payment of an Administrative Expense, your filed proof of claim or request for payment must (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) if (i) a proof of claim, conform substantially with the enclosed proof of claim form or to Official Form No. 10 and, (ii) a request for payment of an Administrative Expense, conform substantially with the enclosed request for payment form, (d) attach copies of any writings upon which your asserted Prepetition Claim or Administrative Expense is based, and (e) be signed by the claimant or by an authorized agent of the claimant. If a proof of claim form or request for payment form is not enclosed herewith, you may obtain a proof of claim form or request for payment form by written request to DRC sent to the appropriate address set forth above, faxed to (212) 481-1416, or at the website maintained for this case by DRC at the address www.donlinrecano.com/eac. Additionally, you may obtain a proof of claim form from any bankruptcy court clerk's office, from your lawyer or from certain business supply stores.

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If your claim is scheduled by the Debtor, the enclosed proof of claim form sets forth:(a) the amount of your claim (if any) as scheduled by the Debtor; (b) whether your claim is scheduled as disputed, contingent or unliquidated; and (c) whether your claim is listed as a secured, unsecured priority or unsecured nonpriority claim. You will receive a different proof of claim form for each claim scheduled in your name by the Debtor. To determine if and how you are listed on the Schedules, if

a proof of claim form is enclosed herewith, please refer to the proof of claim form, near the top of the right hand side of the first page, for the scheduled claim information.

Copies of the Schedules and the Bar Date Order are available and may be examined by interested parties (i) at the website maintained for this case by DRC at the address www.donlinrecano.com/eac, (ii) at the office of the Clerk of the Court, 824 Market Street, Wilmington, Delaware 19801 between the hours of 8:00 a.m. and 3:00 p.m. (ET), or (iii) on the Court's electronic docket of this case at the address www.deb.uscourts.gov.

If you have any questions regarding the filing, amount, nature or processing of a proof of claim or request for payment of an Administrative Expense, please call DRC at (212) 771-1128. YOU SHOULD CONSULT YOUR ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM OR REQUEST FOR PAYMENT OF AN ADMINISTRATIVE EXPENSE. **DO NOT ATTEMPT TO CONTACT THE COURT FOR ADVICE.**

Dated: February 14, 2011

Wilmington, Delaware           **BY ORDER OF THE UNITED STATES BANKRUPTCY COURT**