# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Emivest Aerospace Corporation, | Case No. 10-13391 (MFW) |
| Debtor. | Jointly Administered |

Objection Deadline: February 22, 2011 at 4:00 p.m. (ET)
Hearing Date: February 23, 2010 at 10:30 a.m. (ET)

**OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (II) APPROVING AUCTION AND BID PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (III) AUTHORIZING ENTRY INTO STALKING HORSE ASSET PURCHASE AGREEMENT AND APPROVING STALKING HORSE PROTECTIONS, (IV) APPROVING PROCEDURES RELATED TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V) SCHEDULING AUCTION AND SALE APPROVAL HEARING, AND (VI) APPROVING THE FORM AND MANNER OF SALE NOTICE**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor in possession (collectively, the "Debtor") hereby opposes (the "Opposition") the *Emergency Motion of the Debtor for Entry of an Order (i) Authorizing and Approving the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (ii) Approving Auction and Bid Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, (iii) Authorizing Entry into Stalking Horse Asset Purchase Agreement and Approving Stalking Horse Protections, (iv) Approving Procedures Related to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (V) Scheduling Auction and Sale Approval Hearing, and (vi) Approving the*

*Form and Manner of Sale Notice* (the "Motion"). In support of the Opposition, the Committee respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105(a), 107(b) and 1102 of the Bankruptcy Code.

### Preliminary Statement

3. The general unsecured creditors of this estate want nothing more than a successful sale of the Debtor's business as a going concern. Thus, one might expect them to support the Motion whole-heartedly. While the proposed sale is a vast improvement over the sale proposed in the January Sale Motion, there is a significant area of concern for the committee.

4. Specifically, the Committee objects to the Debtor's parent companies, Emivest Aviation (US) LLC ("Aviation") which is directly controlled by Emirates Investment & Development Company PSC ("EIDC"), being allowed to credit bid for the Debtor's assets. Aviation asserts a secured claim against the Debtor in the amount of approximately $38.7 million as of October 18, 2010, consisting of $35.8 million of principal and $2.9 million of accrued interest, under a $97.5 million revolving credit agreement entered into in January 2009 (the "Parent Funding"). The Committee asserts that the Parent Funding was a capital infusion by

Aviation, not a loan. Thus, the Committee asserts (and will seek standing to file a complaint to this effect) that the Parent Funding should be recharacterized as an equity interest ineligible to credit bid at the proposed auction.

5. Unless this significant issue can be resolved, the Committee must oppose the sale.

## Background

6. On October 20, 2010 (the "Petition Date"), the Debtor filed a petition with the Court under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On November 4, 2010, the Office of the United States Trustee appointed the Committee which subsequently retained Pachulski Stang Ziehl & Jones LLP to represent it.

8. The Debtor is an aircraft manufacturing company that produces technologically advanced business jets, including the SJ30, said to be the world's fastest, highest flying and longest range light business jet. It leases a 130,000 square foot facility and a second, 12,800 square foot facility at the San Antonio International Airport, and owns an assembly facility in Martinsburg, West Virginia.

9. Aeronautical engineer Edward J. Swearingen founded Sino Swearingen Aircraft Corp., in 1995. Aviation bought a controlling interest in Swearingen's business in 2008 and changed its name to Emivest Aerospace. Aviation is directly controlled by EIDC, and holds 80.6% of the Debtor's common stock. Yao-Hwo Glass Co. holds 10.83% of the common stock.

Smaller investors hold the balance of the shares, including Ed Swearingen, and one of the original founders of the Company, Doug Jaffe.

### Proposed Sale

10. In the Motion, the Debtor has provided a summary of what it views as the principal terms of the sale. While the Debtor has filed a draft of the Asset Purchase Agreement ("APA"), no final agreement has been reached making a thorough analysis of the sale terms impossible for the Committee. The opposition stated herein is based on the tentative terms provided in the Motion and drafts of the APA.[1] The terms of the draft APA as presented are acceptable to the Committee and the Committee supports proceeding to auction as requested in the Motion subject to the objection below.

### Opposition

**A. Aviation and EIDC Should Not Be Allowed to Credit Bid**

11. The Committee objects to any credit bidding by either Aviation or EIDC. There are colorable claims against both Aviation and EIDC for recharacterization and/or subordination of its claims. Aviation, the Debtor's 80.6% majority equity owner, asserts a secured claim based on the Parent Funding against the Debtor in the amount of approximately $38.7 million as of October 18, 2010, consisting of $35.8 million of principal and $2.9 million of accrued interest, under a $97.5 million revolving credit agreement entered into in January 2009. The Parent Funding was advanced by the Debtor's parent, Aviation, to the Debtor beginning in January 2009, at a time when the Debtor could not obtain financing from a third party because it had no income from operations, minimal assets, and was severely undercapitalized. The

---

[1] The Committee reserves the right to raise further objections once the APA is finalized.

documentation and the Debtor's and Aviation's treatment of the Parent Funding show that it was not a loan but a capital infusion by the Debtor's parent, Aviation. The Debtor's crippled financial state of affairs continued throughout the period during which the Defendant made advances under the Parent Funding, culminating in the Debtor's Chapter 11 filing

12. The Committee has prepared a complaint against Aviation based on the foregoing and will be seeking standing to bring that complaint on behalf of the estate. Allowing Aviation and/or EIDC to credit bid with what the Committee asserts is merely an equity interest would severely impair the Committee's ability to maximize the return for its constituents and should be prohibited.

WHEREFORE, the Committee respectfully requests that this Court deny the Motion in its entirety unless Aviation and EIDC are barred from credit bidding at the auction, and grant such other and further relief as this Court deems appropriate.

Dated: February 22, 2010

PACHULSKI STANG ZIEHL & JONES LLP

Bradford J. Sandler (DE Bar No. 4142)
Bruce Grohsgal (DE Bar No. 3583)
Gabrielle A. Rohwer (*Pro hac vice*)
919 North Market Street, 17th Floor
Wilmington, Delaware 19899
Telephone: (302) 652-4100
Facsimile: (302) 778-0937
E-mail: bsandler@pszjlaw.com
  bgrohsgal@pszjlaw.com
  grohwer@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors