IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                                                                  :
                                                                        :    Chapter 11
EMIVEST AEROSPACE CORPORATION,                                          :
                                                                        :    Case No. 10-13391 (MFW)
                              Debtor.¹                                  :
                                                                        :
                                                                        :
                                                                        :
                                                                        :

NOTICE OF (I) ENTRY INTO STALKING HORSE ASSET PURCHASE
AGREEMENT (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On February 16, 2011, Emivest Aerospace Corporation, as debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), filed a motion (the "Sale Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court") seeking among other things, entry of an order (the "Bid Procedures Order"): (i) authorizing and approving the sale of substantially all of the Debtor's assets free and clear of all liens, claims, encumbrances, and other interests, (ii) approving auction and bid procedures in connection with the sale of substantially all of the Debtor's assets (the "Bid Procedures"), (iii) authorizing entry into stalking horse asset purchase agreement with MT, LLC, as stalking horse bidder (the "Stalking Horse Bidder") and approving stalking horse protections, (iv) approving procedures related to the assumption and assignment of executory contracts and unexpired leases ("Assumption and Assignment Procedures"), (v) scheduling auction (the "Auction") and sale approval hearing (the "Sale Approval Hearing"), and (vi) approving the form and manner of sale notice.²

2. On February 23, 2011, the Court entered the Bid Procedures Order and scheduled the Sale Approval Hearing to be held on **March 15, 2011 at 2:00 p.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 4, Wilmington, Delaware 19801, before the Honorable Mary F. Walrath, United States Bankruptcy Judge.

3. At the Sale Approval Hearing, the Debtor may seek to assume and assign the Contracts and Leases identified on Exhibit 1 attached hereto (the "Assignment Schedule") in

---

[1] The last four digits of the Debtor's federal tax identification number are 8827. The Debtor's mailing address and corporate headquarters is 1770 Skyplace Blvd., San Antonio, TX 78216.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

connection with the sale of the Assets.³  The Assignment Schedule identifies, among other things, the amount, if any, determined by the Debtor to be necessary to be paid to cure any existing default under each Contract or Lease (the "Cure Amount").

4. Any objection to the assumption and assignment of any Contract or Lease identified on the Assignment Schedule, must (i) be in writing, (ii) set forth the basis for the objection as well as any Cure Amount that the objector asserts to be due (in all cases with appropriate documentation in support thereof), and (iii) be filed with the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801, and served on Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Flr., P.O. Box 1347, Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. and Daniel B. Butz, Esq.), DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020 (Attn: Timothy W. Walsh, Esq. and Daniel G. Egan, Esq.), and Cohen Tauber Spievack & Wagner P.C., 420 Lexington Avenue, Suite 2400, New York, New York 10170 (Attn: Robert A. Boghosian, Esq.), **so as to be actually received no later than March 11, 2011 at 5:00 p.m. (prevailing Eastern Time)** (the "Assignment and Cure Objection Deadline").

5. To the extent that any entity does not timely object as set forth above, such entity shall be (i) forever barred from objecting to the assumption and assignment of any of the Contracts and Leases identified on the Cure Notice, including, without limitation, asserting any additional cure payments or requesting additional adequate assurance of future performance, (ii) deemed to have consented to the applicable Cure Amount, if any, and to the assumption and assignment of the applicable Contract or Lease, (iii) bound to such corresponding Cure Amount, if any, (iv) deemed to have agreed that the Successful Bidder has provided adequate assurance of future performance within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, (v) deemed to have agreed that all defaults under the applicable Contract or Lease arising or continuing prior to the effective date of the assignment have been cured as a result or precondition of the assignment, such that the Successful Bidder or the Debtor shall have no liability or obligation with respect to any default occurring or continuing prior to the assignment, and from and after the date of the assignment the applicable Contract or Lease shall remain in full force and effect for the benefit of the Successful Bidder and such entity in accordance with its terms, (vi) deemed to have waived any right to terminate the applicable Contract or Lease or designate an early termination date under the applicable Contract or Lease as a result of any default that occurred and/or was continuing prior to the assignment date, and (vii) deemed to have agreed that the terms of the Sale Order shall apply to the assumption and assignment of the applicable Contract or Lease.

6. The Debtor reserves the right to supplement and modify the Assignment Schedule at any time, provided that to the extent that the Debtor adds a Contract or Lease to the Assignment Schedule or modifies the Cure Amount, the affected party shall receive a separate notice and an opportunity to object to such addition or modification.

7. All other objections to approval of the sale of the Assets to the Successful Bidder, including any objection to the ability of the Successful Bidder to provide adequate assurance of

---

³ To the extent that the Successful Bidder is an entity other than the Stalking Horse Bidder, a revised Assignment Schedule with a revised objection deadline will be provided to the affected parties.

future performance under a Contract or Lease within the meaning of section 365(b)(1)(C) of the Bankruptcy Code, shall (i) be in writing, (ii) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iii) set forth the name of the objector, (iv) be filed with the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, together with proof of service thereof, and served on the following parties so as to be actually received no later than **5:00 p.m. (prevailing Eastern Time) on March 11, 2011** (the "Objection Deadline"): (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Flr., P.O. Box 1347, Wilmington, DE 19899 (Attn: Robert J. Dehney, Esq. and Daniel B. Butz, Esq.); (ii) DLA Piper LLP (US), 1251 Avenue of the Americas, New York, New York 10020 (Attn: Timothy W. Walsh, Esq. and Daniel G. Egan, Esq.); (iii) the Office of the United States Trustee for the District of Delaware, (iv) Cole, Schotz, Meisel, Forman & Leonard, P.A., 300 East Lombard Street, Suite 2000, Baltimore, Maryland 21202 (Attn: Gary H. Leibowitz, Esq.); (v) Pachulski Stang Ziehl & Jones LLP, 919 North market Street, 17th Floor, Wilmington, DE 19899 (Attn: Bradford J. Sandler, Esq.); (vi) Cohen Tauber Spievack & Wagner P.C., 420 Lexington Avenue, Suite 2400, New York, New York 10170 (Attn: Robert A. Boghosian, Esq.); and (vii) any persons who have filed a request for notice in the above-captioned chapter 11 case pursuant to Local Rule 2002-1 on or before the Objection Deadline.

8. Any request for adequate assurance information regarding the Successful Bidder (a "Request for Adequate Assurance") must include an email address, postal address and/or facsimile number to which a response to such request will be sent. Upon receiving a Request for Adequate Assurance, the Debtor shall promptly provide such party with any non-confidential information reasonably related to adequate assurance by email, facsimile or overnight delivery.

[TEXT CONTINUED ON THE NEXT PAGE]

9. Failure of any entity to file an objection on or before the Objection Deadline shall be deemed to constitute consent to the sale of the Assets to the Successful Bidder and other relief requested in the Sale Motion, and be a bar to the assertion, at the Sale Approval Hearing or thereafter, of any objection to the Sale Motion, the Auction, the sale of the Assets, or the Debtor's consummation and performance of the terms of the asset purchase agreement entered into with the Successful Bidder, if authorized by the Court.

Dated: February 28, 2011
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Daniel B. Butz*
Robert J. Dehney, (No. 3578)
Daniel B. Butz (No. 4227)
Matthew B. Harvey (No. 5186)
1201 North Market Street, 18th Flr.
P.O. Box 1347
Wilmington, DE 19899
Telephone: 302.658.9200
Facsimile: 302.425.4673

*Counsel for Debtor and*
*Debtor in Possession*

-and-

Timothy W. Walsh
1251 Avenue of the Americas, 25th Flr.
New York, New York 10020
Telephone: 212.335.4500
Facsimile: 212.335.4501

*Special Counsel for Debtor and*
*Debtor in Possession*