IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EMIVEST AEROSPACE CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 10-13391 (MFW)<br><br>Obj. Deadline: 3/11/2011 @ 5:00 p.m. (ET)<br>Hrg. Date: 3/15/2011 @ 2:00 p.m. (ET)<br><br>Re: D.I. Nos. 296, 351 |

**LIMITED OBJECTION OF BLOSSOM SENTINEL INVESTORS, LLC AND RESERVATION OF RIGHTS WITH RESPECT TO EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, (II) APPROVING AUCTION AND BID PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (III) AUTHORIZING ENTRY INTO STALKING HORSE ASSET PURCHASE AGREEMENT AND APPROVING STALKING HORSE PROTECTIONS, (IV) APPROVING PROCEDURES RELATED TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V) SCHEDULING AUCTION AND SALE APPROVAL HEARING, AND (VI) APPROVING THE FORM AND MANNER OF SALE NOTICE [D.I. 296]**

Blossom Sentinel Investors, LLC ("Blossom") hereby submits this Limited Objection and Reservation of Rights (the "Objection") to the above-captioned debtor's (the "Debtor") Emergency Motion For Entry Of An Order (i) Authorizing And Approving The Sale Of Substantially All Of The Debtor's Assets Free And Clear Of All Liens, Claims, Encumbrances, And Other Interests, (ii) Approving Auction And Bid Procedures In Connection With The Sale Of Substantially All Of The Debtor's Assets, (iii) Authorizing Entry Into Stalking Horse Asset Purchase Agreement And Approving Stalking Horse Protections, (iv) Approving Procedures Related To The Assumption And Assignment Of Executory Contracts And Unexpired Leases, (v) Scheduling Auction And Sale Approval Hearing, And (vi) Approving The Form And Manner Of Sale Notice (D.I. 296) (the "Motion"), and in connection with this Objection, Blossom respectfully states as follows:

**Background**

1. On October 20, 2010 (the "Petition Date"), the above-captioned Debtor and debtor-in-possession filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code").

2. The Debtor is presently managing its properties and operating its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed.

3. Prior to the Petition Date, on February 11, 2009, Blossom entered into that certain Lease Agreement (the "Lease")[1] with Debtor, pursuant to which Blossom leased to Debtor non-residential real property known as 10550 Sentinel (the "Property"). The contractual Lease term was from February 11, 2009 through February 28, 2012. The Lease requires, among other things, the Debtor to timely pay monthly rent by the first of each month, to post a security deposit (the "Security Deposit"), to satisfy Debtor's share of operating costs, and to maintain insurance coverage in the amount of certain specified policy minimums. (Lease, p. 2, 4, 8).

4. Also prior to the Petition Date, the Debtor failed to satisfy several obligations under the Lease, including without limitation the failure to timely pay rent and operating expenses and the failure to maintain the required insurance coverage. As such, on October 7, 2010, Blossom issued the Notice Of Lockout For Nonpayment Of Rent (the "Lockout Notice"), which excluded Debtor from the Property. On the same date, Blossom applied the $2,373.75 Security Deposit in partial satisfaction of Debtor's then outstanding rental obligations.

5. On February 16, 2011, Debtor filed the Motion, pursuant to which Debtor seeks authority, among other things, to sell substantially all of its assets to a third-party purchaser (the "Purchaser"), including the assumption and assignment of certain unexpired leases and executory contracts (the "Sale"). In connection with the Motion, on March 1, 2011, the Debtor

---

[1] A copy of the Lease is appended hereto as Exhibit "A".

filed the Notice Of (i) Entry Into Stalking Horse Asset Purchase Agreement (ii) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection With The Sale Of Substantially All Of The Debtor's Assets (D.I. 351) (the "Assumption and Assignment Notice"). The Assumption and Assignment Notice states that the Debtor may seek to assume and assign the Lease at Sale closing and asserts that Debtor's cure obligation in connection therewith is $10,762.00.

**Limited Objection and Reservation of Rights**

6. Blossom has no objection to the proposed Sale nor to the assumption and assignment of the Lease. Blossom does object, however, to the extent the Motion would permit such assumption and assignment without either the Purchaser or Debtor first satisfying all requirements attendant to assumption and assignment set forth in Bankruptcy Code section 365(b) and (f), including: (i) the cure of all defaults existing as of the moment the Lease is assumed and assigned; and (ii) the assumption of all obligations pending as of the moment the Lease is assumed and assigned.

7. The Bankruptcy Code makes clear that in connection with assumption and assignment of a lease, all defaults existing under such lease must be cured as of the time of assumption. 11 U.S.C. § 365(b). Further, section 365 requires that the proposed assignee must provide adequate assurance that such assignee will perform the lease obligations arising after the time the assignment becomes effective. 11 U.S.C. § 365(f). The effects of this section, among other things, include that: (i) all defaults existing at the time of assumption (including pre-petition and post-petition defaults) must be cured; (ii) all obligations accruing prior to the assumption and assignment, whether or not in default, must be timely performed; and that (iii) the assignee must demonstrate it can and will perform lease obligations going forward. *See, e.g., In re Fleming Companies, Inc.*, 499 F.3d 300 (3d Cir. 2007); *Cinicola v. Scharffenberger*, 248 F.3d 110 (3d Cir. 2001); *In re Three A's Holdings, L.L.C.*, 364 B.R. 550 (Bankr. D. Del. 2007);

#13987556 v1

*In re Armstrong World Indus., Inc.*, 348 B.R. 136 (D. Del. 2006); *In re DBSI, Inc.*, 405 B.R. 698 (Bankr. D. Del. 2009); *In re Network Access Solutions Corp.*, 380 B.R. 67 (Bankr. D. Del. 2005); *In re Shelco Inc.*, 107 B.R. 483 (Bankr. D. Del. 1989).

8.  At the time of assumption of the Lease, section 365 requires the cure of the following defaults. First, either the Debtor or Purchaser must pay $18,574.12, representing unpaid base rent, operating expenses and late fees under the Lease as of March 1, 2011 (and including the required rental payment for March 2011). Second, either the Debtor or Purchaser must pay rent, expenses and fees becoming due between April 1, 2011 and the date that assumption of the Lease becomes effective. Third, either the Debtor or the Purchaser must provide a $2,373.75 security deposit to guarantee performance of Lease obligations as required by the Lease. Finally, the Purchaser must provide proof of insurance coverage at least in the minimum amounts set forth in the Lease (collectively, the "Cure Obligations").[2] Without satisfaction of these Cure Obligations, neither assumption nor assignment of the Lease can be authorized. Furthermore, pursuant to sections 365(b), (f) of the Bankruptcy Code, the Purchaser must provide adequate assurance of future performance of Lease obligations, in advance of assumption and assignment of the Lease being approved or going effective. Such adequate assurance should include, at a minimum, identification of the Purchaser and documents exhibiting such entity's financial wherewithal to pay rent and operating expenses for the remainder of the Lease term.

---

[2] As of the date hereof, Blossom believes that it has reached agreement with Debtor with respect to the Cure Obligations.

WHEREFORE, Blossom hereby objects to the Motion to the extent that the entry of the Proposed Order would: (i) relieve Debtor or the Purchaser from satisfying all Cure Obligations; (ii) relieve Debtor or the Purchaser from the obligation to pay timely all accrued liabilities existing as of the time assumption and assignment is effected; or would (iii) relieve Purchaser from the obligation to demonstrate adequate assurance of future performance.

Dated: March 10, 2011
      Wilmington, Delaware

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ James C. Carignan
David M. Fournier (No. 2812)
James C. Carignan (No. 4230)
Hercules Plaza, Suite 5100
1313 North Market Street
Wilmington, Delaware 19801
(302) 777-6500 telephone
(302) 421-8390 facsimile

*Attorneys for Blossom Sentinel Investors, LLC*