## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| EMIVEST AEROSPACE CORPORATION | § | |
| | § | CASE NO. 10-13391 (MFW) |
| DEBTOR | § | |
| | § | Re: Docket Nos. 296, 326 |

**BEXAR COUNTY'S OBJECTION TO THE EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTEREST, (II) APPROVING AUCTION AND BID PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (III) AUTHORIZING ENTRY INTO STALKING HORSE ASSET PURCHASE AGREEMENT AND APPROVING STALKING HORSE PROTECTIONS, (IV) APPROVING PROCDURES RELATED TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V) SCHEDULING AUCTION AND SALE APPROVAL HEARING, AND (VI) APPROVING THE FORM AND MANNER
OF SALE NOTICE**

TO THE COURT:

Now comes Bexar County and files its Objection to the Emergency Motion of the Debtor for Entry of an Order (I) Authorizing and Approving the Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances, and other Interests, (II) Approving Auction and Bid Procedures in Connection with the Sale of Substantially all of the Debtor's Assets, (III) Authorizing Entry into Stalking Horse Asset Purchase Agreement and Approving Stalking Horse Protections, (IV) Approving Procedures Related to the Assumption and Assignment of Executory Contacts and Unexpired Leases, (V) Scheduling Auction and Sale Approval Hearing, and (VI) Approving the For and Manner of Sale Notice ("Sale Motion") and respectfully represents the following:

1.  Bexar County is a unit of local government in the State of Texas which possesses the authority under the laws of the State to assess and collect *ad valorem* taxes on real and personal property.

2.      Bexar County filed its pre-petition secured proof of claim herein for *ad valorem* property taxes assessed against the Debtor's property for tax years 2009 and 2010 in the amount of $581,219.59. The unpaid pre-petition claim amount owing to Bexar County is $381,219.59. Bexar County filed its administrative secured proof of claim herein for *ad valorem* property taxes assessed against the Debtor's property for tax year 2011 in the amount of $268,093.85.

3.      Bexar County's claim is for real and personal property taxes incurred by the Debtor in the ordinary course of business. These taxes are secured by first priority liens pursuant to Texas Property Tax Code §§32.01 and 32.05. In pertinent part, §32.01 provides

  (a)   **On January 1 of each year, a tax lien attaches** to property to secure the payment of all taxes, penalties and interest ultimately imposed for the year . . . .
  (b)   A tax lien on inventory, furniture, equipment, or their personal property is a lien in solido and attaches to all inventory, furniture, equipment, and other personal property that the property owner owns on January 1 of the year the lien attaches or that the property owner subsequently acquires.
  (c)   The lien under this section is perfected on attachment and . . . **perfection requires no further action** by the taxing unit.

4.      The tax lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code §32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien of all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995).

5.      Bexar County objects to the Debtor's Sale Motion to the extent it fails to require full payment of Bexar County's pre-petition ad valorem tax debt from the sales proceeds at closing. Bexar County is an oversecured creditor, and therefore entitled to 506(b) post-petition interest. Bexar County's statutory rate of interest is twelve percent (12%) per annum. Consequently, post-petition interest is accruing on a monthly basis on Bexar County's tax claim; and the estate will benefit from the immediate payment of the senior secured tax claim in that so long as the tax claim remains unpaid, the estate's interest in the collateral continues to be reduced by the accrual of post-

petition interest which will reduce the amount available to pay junior creditors.

6. To the extent Bexar County is not paid at closing, Bexar County's tax lien transfers to the related sale proceeds which becomes Bexar County's cash collateral. So long as Bexar County remains unpaid, the Debtor may not distribute any cash proceeds to any other creditor because there is no way to adequately protect Bexar County from the loss of its cash collateral. Consequently, Bexar County hereby notifies the Debtor that it does not consent to the use of its cash collateral to pay any other creditor prior to full payment of Bexar County's senior secured tax debt.

7. A lien to secure the payment of the year 2011 post-petition tax debt was created on January 1, 2011. The year 2011 ad valorem tax debt related to the Assets subject to the Sale Motion is estimated at $250,000.00. Pursuant to the Debtor's Sale Motion and the Stalking Horse Asset Purchase Agreement, the year 2011 tax is not a Permitted Encumbrance, and thus Bexar County's tax lien for the 2011 tax is to attach to the related sale proceeds. Bexar County objects to the Sale Motion to the extent it fails to require full payment of the 2011 tax at closing. Alternatively, Bexar County asserts that a sale free and clear of the year 2011 post-petition ad valorem tax lien is inappropriate. The purchaser will presumably acquire and possess the property prior to the close of year 2011. Consequently, the purchaser should assume at least pro-rated liability for year 2011 taxes or even full liability in the event credit for the pre-closing period is given at closing. To secure the payment of the year 2011 tax, Bexar County must retain its year 2011 tax lien against the Assets; and the purchaser must assume personal liability of the year 2011 tax so as to provide Bexar County with the requisite adequate protection. The estate will incur a significant cost savings in providing this relief. Bexar County objects to the Debtor's Sale Motion to the extent the Sale Order fails to retain all ad valorem tax liens for post-petition year 2011 taxes on the Assets.

8. To the extent the Bexar County 2011 tax lien is retained against the Assets and the Purchaser seeks to remove the personal property and inventory situated in San Antonio, Bexar County, Texas from this locale, Bexar County herby notifies the Purchaser of its 2011 tax lien and of Bexar County's state law right to institute seizure and require immediate payment of the 2011 tax prior to the removal of the Assets from Bexar County's taxing jurisdiction.

9. Bexar County objects to any junior secured creditor's credit bid that fails to provide for Bexar County to retain its senior secured tax lien against the related assets.

**WHEREFORE, PREMISES CONSIDERED**, Bexar County prays that this Court deny the Debtor's Sale Motion and grant it all relief as may be just.

>Respectfully submitted,
>David G. Aelvoet (SBN 00786959)
>**LINEBARGER GOGGAN**
>**BLAIR & SAMPSON, LLP**
>711 Navarro, Suite 300
>San Antonio, TX 78205
>(210) 225-4422 - *Telephone*
>(210) 226-4308 - *Fax*
>Counsel for Bexar County
>
>-and-
>
>**FERRY, JOSEPH & PEARCE, P.A.**
>**ATTORNEYS AT LAW**
>824 Market Street, Suite 1000
>P.O. Box 1351
>Wilmington, DE 19899
>(302) 575-1555 - *Telephone*
>(302) 575-1714 - *Fax*
>
>/s/ Theodore J. Tacconelli
>Theodore J. Tacconelli
>State Bar No. 2678
>
>Local Counsel for Bexar County