# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | * | |
| | | Chapter 11 |
| EMIVEST AEROSPACE CORPORATION, | * | |
| | | Case No. 10-13391 (MFW) |
| Debtor. | * | |
| | | Objection Deadline: March 11, 2011, at 5 p.m. |
| | * | Hearing Date: March 15, 2011, at 2:00 p.m. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**LIMITED OBJECTION OF LIEBHERR-INTERNATIONAL DEUTSCHLAND GMBH
TO EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF
AN ORDER AUTHORIZING AND APPROVING THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS,
(II) APPROVING AUCTION AND BID PROCEDURES IN CONNECTION WITH THE
SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (III) AUTHORIZING
ENTRY INTO STALKING HORSE ASSET PURCHASE AGREEMENT AND
APPROVING STALKING HORSE PROTECTIONS, (IV) APPROVING PROCEDURES
RELATED TO THE ASSUMPTION
AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (V)
SCHEDULING AUCTION AND SALE APPROVAL HEARING,
AND (VI) APPROVING THE FORM AND MANNER OF SALE NOTICE**

Liebherr-International Deutschland GmbH ("Liebherr"), by its undersigned counsel, respectfully files this limited objection to the Debtor's motion for entry of an order authorizing the sale of substantially all of the Debtor's assets free and clear of liens, claims, encumbrances and other interests (the "Motion"), and the Debtor's request to assume and assign executory contracts, stating the following for reasons:

**PRELIMINARY STATEMENT**

The Debtor and Liebherr are parties to an executory contract pursuant to which the Debtor agreed to build and deliver an aircraft by December 31, 2010. Liebherr paid the Debtor a deposit of $1,525,000, but the Debtor filed this bankruptcy case before the aircraft was completed. Liebherr holds a perfected security interest in the partially completed aircraft (parts

and engines) and all proceeds thereof. Liebherr objects to the sale of its collateral and to the assumption and assignment of its contract. The Debtor has proposed to sell Liebherr's collateral subject to Liebherr's lien. However, merely permitting the lien to remain attached does not adequately protect Liebherr's interests in its collateral. As for the contract, it may not be assumed under Section 365(a) because one or more incurable defaults have occurred. Even if the contract could be assumed and assigned, adequate assurance of future performance would require that the assignee have $1,525,000 available (in escrow) to refund Liebherr's deposit.

## **BACKGROUND**

1. As set forth more fully in Liebherr's timely filed proof of claim ("Proof of Claim"), a copy of which is attached hereto as <u>Exhibit 1</u>, Liebherr and the Debtor are parties to an SJ30 Aircraft Purchase Agreement (the "Contract"), a copy of which is included with the Proof of Claim attached hereto as <u>Exhibit 1</u>. Under the terms of the Contract, the Debtor promised to build a SJ30 aircraft (the "Aircraft") according to certain specifications. One important specification required by Liebherr is EASA certification, which would permit the Aircraft to be used in Germany, where Liebherr is located.

2. The Contract provided that the Aircraft would be delivered by December 31, 2010 (the "Delivery Date").

3. Prepetition, Liebherr paid the Debtor deposits totaling $1,525,000 (collectively, the "Deposit").

4. On October 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. The Aircraft was not delivered on December 31, 2010. Indeed, as of this day, the Aircraft is not completed.

6. The Contract provides that Liebherr may cancel the Contract and the Debtor must refund the Deposit if the Debtor has not delivered the Aircraft by May 31, 2011. See Exhibit 1, Contract at Paragraph 4 under the heading "Termination/Default/Damages."

7. Insufficient progress has been made in the production of the Aircraft to enable delivery by May 31, 2011.

8. Liebherr's rights under the Contract are secured by a perfected security interest in the Aircraft, including two engines to be installed in the Aircraft bearing serial numbers FJ44-2A 11011 (LH) and FJ44-2A 110012 (RH), and proceeds thereof. *See* UCC-1 Financing Statement Number 2010 0652598, a copy of which is included with the Proof of Claim attached hereto as Exhibit 1.

9. Liebherr's status as a secured creditor in such assets is not in dispute. *See* Debtor's Bankruptcy Schedule D; and Final Order (A) Authorizing Debtor to (I) Obtain Postpetition Financing and Utilize Cash Collateral and (II) Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105 and 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtor to Enter into Agreements with Counsel RB Capital, LLC and EAI Capital, LLC; and (D) Granting Adequate Protection (the "DIP Order") (Section 2.1.2 provides that the debtor in possession financing liens are subject to certain permitted liens, which include the liens of Liebherr).

## THE PROPOSED SALE AS RELATES TO THE CONTRACT

10. The Debtor has proposed an Asset Purchase Agreement in the form attached to the Motion (the "APA"). The APA provides for a purchase price of $7,625,000, payable as a lump sum. The purchase price is not allocated to any particular asset.

11. The APA contains an unusual provision concerning the Contract. Under the APA, the Contract is an "Assigned Contract" included within the scope of "Purchased Assets", but

> "*only on the express condition that such agreements are modified prior to Closing on terms acceptable to the Buyer in its sole discretion.*"

APA at Section 2.01(a)(i) (emphasis added).

12. Also included within the scope of "Purchased Assets" are accounts receivable (Section 2.01(a)(iv)), the Aircraft (Section 2.01(a)(v)), and the Deposit (Section 2.01(a)(ix)).

13. The APA further provides that,

> "Subject to the provisions of Section 2.01(a)(i) deposits paid by customers under the Liebherr Purchase Agreement and the Everard Purchase Agreement, in the amounts of $1,525,000 and $1,688,000, respectively, will be credited by Buyer to the customer, and Seller will have no right to such deposits."

APA at Section 2.02(a).

14. The APA provides that Purchased Assets shall be sold free and clear of any encumbrances "except as set forth in Schedule 2.01(a) annexed hereto with respect to Encumbrances in favor of the customers under Liebherr Purchase Agreement…" APA at Section 2.01(a). The foregoing language suggests that Liebherr's liens shall remain attached to the Purchased Assets. Schedule 2.01(a) lists the collateral subject to Liebherr's encumbrances as "Specific Aircraft equipment including all parts, components, models, sections, equipment, attachments, accessories and all supplies therefore and all proceeds of every kind of all of the foregoing." (Liebherr also has a perfected security interest in two aircraft engines.)

15. On March 1, 2011, the Debtor filed a Notice of (I) Entry into Stalking Horse Asset Purchase Agreement (II) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale of Substantially All of the Debtor's Assets (the

"Cure Notice"). In the Cure Notice, the Debtor listed the Contract and averred that the required cure costs are $0.00.

## LIMITED OBJECTION TO THE MOTION

## The Assets Subject to Lieberr's Liens and Interests May Not Be Sold Free and Clear

16. Section 363(f) of the Bankruptcy Code permits a sale of property free and clear of the interests of a lienholder only if:

> "(1) Applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of an interest."

*See In re Kellstrom Indus., Inc*., 282 B.R. 787 (Bankr. D. Del. 2002).

17. Applying Section 363(f) of the Bankruptcy Code, assets to which Liebherr's liens and interests attach cannot be sold free and clear. Applicable non-bankruptcy law does not permit the sale of such property free and clear of such interests, Liebherr does not consent, no part of the purchase price is allocated to the assets in which Liebherr holds liens and therefore the Debtor has not shown that the price at which the property to be sold is greater than the aggregate value of all liens on such property, the interest is not in bona fide dispute, and Liebherr cannot be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

18. As stated above, the purchase price is not allocated to any particular purchased asset. Liebherr's holds a claim of at least $1,525,000, secured by a partially constructed airplane and parts. To the extent that the property to which Liebherr's lien attaches is to be sold, Liebherr must either be paid the amount of its claim (at least $1,525,000) from the proceeds of sale, or Liebherr's liens must continue to attach to the assets in such a manner that Liebherr is adequately protected.

**Maintenance of Liens is Not Sufficient to Adequately Protect Lieberr's Interests**

19. Section 363(e) provides that:

> "Notwithstanding any other provision in this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

*Id.*

20. Assuming for the sake of argument that the sale as proposed maintains Lieberr's liens, permitting the liens to continue to attach to the assets does not, by itself, satisfy Section 363 of the Bankruptcy Code. Liebherr's liens and interests in the assets must be adequately protected. *See In re Kellstrom Indus., Inc. et al.*, 282 B.R. 787 (Bankr. D. Del. 2002) (providing adequate protection to party with an interest in property to be sold). As presently proposed, there are no restrictions placed on the proposed purchaser with respect to its use or any future sale of the collateral.

21. Liebherr has no assurance that the assets (aircraft parts and engines) will be safeguarded and kept in one place, rather than disassembled and bolted onto other aircraft. Aircraft parts have a limited life, and their value is dependent upon how much

6

they have been used. To the extent that engines or other parts were to be used by the purchaser, Liebherr would not be compensated for the diminution in their value.

22. Liebherr also has no assurance that it can execute its remedies with respect to its collateral. Once the parts are scattered and bolted onto other aircraft, Liebherr's ability to foreclose and possess its collateral will be severely compromised, if not eliminated altogether.

23. Liebherr would have no ability to monitor or protect its collateral as the sale is presently proposed.

24. Liebherr's liens and interests are not adequately protected simply by providing that they remain attached to the assets. In order to protect Liebherr's interests, Liebherr's collateral cannot be moved, sold or used by the purchaser. In addition, Liebherr must retain its remedies with respect to the collateral – and the practical ability to exercise them. The collateral cannot be attached to other aircraft, and Liebherr should not be put to the task of having to chase down its collateral once it is sold. Liebherr must also be provided the ability to monitor its collateral.

**LIEBHERR DOES NOT CONSENT TO MODIFICATION OF THE CONTRACT**

25. The APA provides that the Contract becomes a "Purchased Asset" only if it is modified to suit the purchaser. Liebherr does not consent to modification of the Contract. The Order approving the APA should clarify that Liebherr's Contract is not a Purchased Asset.

**LIEBHERR'S CONTRACT MAY NOT BE ASSUMED AND ASSIGNED**

26. Liebherr objects to assumption and assignment of the Contract, and Liebherr objects to the alleged cure amount of $0.00.

27. The Contract may not be assumed and assigned under Section 365 of the Bankruptcy Code because it cannot be cured. The Debtor is in default under the Contract, having failed to deliver the Aircraft by December 31, 2010. This is a non-monetary default that cannot be cured. The Contract being a contract, rather than an unexpired lease of nonresidential real property, assumption and assignment is precluded pursuant to 11 U.S.C. §365(a). *See* 3 *Colliers on Bankruptcy* ¶365.06[3][c] (16th ed. 2010).

28. In addition, Liebherr understands that the proposed assignee is not willing to obtain EASA certification of the Aircraft for a number of years. EASA certification is a material provision of the Contract.

29. If the Court were to permit assumption and assignment of the Contract notwithstanding the incurable default, the cure amount is not $0.00. The cure amount is the amount of Liebherr's claim – at least $1,595,000.

30. Furthermore, an executory contract must be assumed and assigned *cum onere*. If the Contract is to be assumed and assigned, the entire Contract must be assumed and assigned, with all of its burdens and benefits.

31. The Contract provides that if the Aircraft is not delivered by May 15, 2011 (less than three months from now), then the Deposit and all progress payments must be returned promptly to Liebherr.

32. It is almost certain that the Aircraft will not be delivered by May 15, 2011, at which time Liebherr will be entitled to the prompt return of its Deposit. If the Court were to permit the Contract to be assumed and assigned, Liebherr must be given adequate assurance of future performance that it will be repaid its Deposit promptly. Adequate

assurance of future performance requires that $1,525,000 to be placed into escrow at closing.

33. For the sake of clarity, Liebherr (i) objects to assumption and assignment of the Contract, objects to the proposed cure, objects to the lack of adequate assurance of future performance, (ii) does not consent to the proposed cure amount or to the assumption and assignment of the Contract, (iii) is not bound by the cure amount, (iv) does not concede that any bidder has provided adequate assurance of future performance, (v) does not agree that all defaults under the Contract have been cured or will be cured by assignment of the Contract, and does not absolve the Debtor from any liability under the Contract, (vi) does not waive any right to terminate the Contract or to designate an early termination date as a result of defaults that have occurred or may occur in the future, and (vii) does not agree that any sale order shall apply to the assumption and assignment of the Contract.

34. For these and such other reasons that may be raised at a hearing on the Motion, Liebherr-International Deutschland GmbH objects to the sale of its collateral and the assumption and assignment of its contract with the Debtor.

WHEREFORE, Liebherr respectfully requests that the Court enter an Order (i) sustaining this Objection, and (ii) providing such other and further relief as is just and proper.

DATE:  March 11, 2011.               /s/ Lisa Bittle Tancredi
                                     Michael G. Gallerizo (Bar No. 4550)
                                     Lisa Bittle Tancredi (Bar No. 4657)
                                     GEBHARDT & SMITH LLP
                                     One South Street, Suite 2200
                                     Baltimore, Maryland 21202-3281
                                     Tel:  410.752.5830
                                     Fax:  410.385.5119
                                     Email: mgall@gebsmith.com
                                     Email: ltancredi@gebsmith.com

                                     *and*

                                     Ross C. Reeves, Esquire
                                     WILLCOX & SAVAGE
                                     440 Monticello Avenue
                                     Suite 2200
                                     Norfolk, VA  23510
                                     Tel: (757) 628-5545
                                     Fax:  (757) 628-5566
                                     E-mail: rreeves@wilsav.com

                                     *Attorneys for Liebherr-International
                                     Deutschland GmbH*