# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: * | Chapter 11 |
| EMIVEST AEROSPACE CORPORATION, * | Case No. 10-13391 (MFW) |
| Debtor. * | |
| * | Objection Deadline: At the Hearing<br>Hearing Date: April 6, 2011, at 3:00 p.m. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## LIMITED OBJECTION OF LIEBHERR-INTERNATIONAL DEUTSCHLAND GMBH TO PROPOSED FORM OF ORDER AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS AND GRANTING RELATED RELIEF

Liebherr-International Deutschland GmbH ("Liebherr"), by its undersigned counsel, respectfully files this limited objection to the Debtor's emergency motion to sell substantially all of the Debtor's assets free and clear of liens, claims, encumbrances and other interests, and for related relief filed on April 5, 2011[Docket Entry 414] (the "Motion"), stating the following for reasons:

## PRELIMINARY STATEMENT

The Debtor and Liebherr are parties to an executory contract pursuant to which the Debtor agreed to build and deliver an aircraft by December 31, 2010. Liebherr paid the Debtor a deposit of $1,525,000, but the Debtor filed this bankruptcy case before the aircraft was completed. Liebherr holds a perfected security interest in the partially completed aircraft (parts and engines), and all proceeds thereof.

Previously, the Debtor sought to sell the partially completed aircraft and to assume and assign Liebherr's contract. Liebherr objected. *See* Docket Entries 377 and 378.

In the most recently filed Motion, the Debtor has excluded Liebherr's collateral from the sale and does not propose to assume and assign Liebherr's contract. While such treatment is acceptable as far as it goes, Liebherr is not adequately protected as the sale is currently proposed and the proposed form of Order is not acceptable. The Debtor's operations are ceasing, and the Debtor's leasehold interests will be sold. Rather than provide assurances that Liebherr's interests in its collateral will be protected, the proposed Order provides the following:

> "W. In full and final satisfaction of any and all liens and claims that Liebherr International Deutschland GmbH ("Liebherr") may have against the debtor, its estate, or any of its assets, the Debtor will consent to Liebherr foreclosing on the assets that are the subject of the UCC-1 Financing Statement Number 2010 0652598 filed by Liebherr that forms the basis of Liebherr's claims, which assets are not Purchased Assets and will be excluded from the sale transaction under the Asset Purchase Agreement."

Proposed Order at Page 10, Paragraph W.

Limiting Liebherr's rights with respect to its collateral to foreclosure (rather than taking immediate possession) is a recipe for harm. Liebherr's collateral is movable. If any portion of the collateral were removed or bolted onto another aircraft, even inadvertently, Liebherr would be prejudiced, potentially severely. The Debtor cannot protect Liebherr's interests in these circumstances. As a condition for granting the relief sought by the Debtor in the Motion, Liebherr should be granted relief from the automatic stay to exercise <u>all</u> of its rights with respect to the collateral – including but not limited to taking immediate possession.

Furthermore, there is no reason that Liebherr should forfeit any of its claims, as the proposed Paragraph W contemplates. The Bankruptcy Code provides, and requires, that Liebherr's interests be adequately protected. The Debtor cannot adequately protect Liebherr's interests, and Liebherr should be granted relief from the automatic stay so that it may protect its

interests. Liebherr should not be asked to forfeit any claims in exchange for treatment to which it is already entitled under the Bankruptcy Code.

Liebherr proposes that the proposed Order be modified as follows:

- <u>Replace paragraph W with the following</u>:

    "W.  Liebherr International Deutschland GmbH ("Liebherr") is entitled to adequate protection of its interests in the assets that are the subject of the UCC-1 Financing Statement Number 2010 062598 filed by Liebherr with the Delaware Department of State (the "Liebherr Assets").  The Liebherr Assets are not Purchased Assets and will be excluded from the sale transaction under the Asset Purchase Agreement.  In addition, as adequate protection of Liebherr's interests in the Liebherr Assets, Liebherr is granted relief from the automatic stay in order to exercise its rights and remedies as to the Liebherr Assets, including but not limited to taking possession of the Liebherr Assets."

- <u>Add a paragraph to the Order as follows</u>:

    "#.  Liebherr is hereby granted relief from the automatic stay in order to exercise its rights and remedies as to the Liebherr Assets, including but not limited to taking immediate possession of the Liebherr Assets.  The Debtor shall cooperate with Liebherr to permit Liebherr to take immediate possession of the Liebherr Assets."

The foregoing provisions would not impede the sale in any way, nor would they impair the interests of the estate, the purchaser or other creditors.

For these and such other reasons that may be raised at a hearing on the Motion, Liebherr-International Deutschland GmbH objects to proposed form of relief requested by the Debtor.

WHEREFORE, Liebherr respectfully requests that the Court enter an Order (i) sustaining this Objection, and (ii) providing such other and further relief as is just and proper.

DATE: April 6, 2011.                    /s/ Lisa Bittle Tancredi

Lisa Bittle Tancredi (Bar No. 4657)
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland 21202-3281
Tel: 410.752.5830
Fax: 410.385.5119
Email: mgall@gebsmith.com
Email: ltancredi@gebsmith.com

*and*

Ross C. Reeves, Esquire
WILLCOX & SAVAGE
440 Monticello Avenue
Suite 2200
Norfolk, VA 23510
Tel: (757) 628-5545
Fax: (757) 628-5566
E-mail: rreeves@wilsav.com

*Attorneys for Liebherr-International Deutschland GmbH*