## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| EMIVEST AEROSPACE CORPORATION, | : |
| | : Case No. 10-13391 (MFW) |
| Debtor.[1] | : |
| | : Re: D.I. 440 |
| | : |
| | : |
| | : |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 365 AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN NONRESIDENTIAL REAL PROPERTY LEASE AND TO ENTER INTO ASSIGNMENT AND ASSUMPTION AGREEMENT IN CONNECTION THEREWITH

Upon consideration of the motion, dated April 18, 2011 (the "Motion"),[2] of Emivest Aerospace Corporation, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, for entry of an order pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") authorizing the Debtor to assume and assign to the Assignee a certain lease agreement, dated as of March 28, 1986 (the "San Antonio Lease"), between the City of San Antonio, as landlord (the "City"), and the Debtor, as successor in interest to Sino Swearingen Aviation Corporation, and assignee of Jaffe Aerospace Corp., as tenant, and to enter into an Assignment and Assumption Agreement in connection therewith, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this

---

[1]  The last four digits of the Debtor's federal tax identification number are 8827. The Debtor's mailing address and corporate headquarters is 1770 Skyplace Blvd., San Antonio, TX 78216.

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and adequate notice of the Motion having been provided; and an auction having been conducted on April 20, 2011 to consider the highest and best offer for the San Antonio Lease; and following, such auction, it having been determined that the offer submitted by Smart Traveling Inc. (the "<u>Assignee</u>") constituted the highest and best offer for the San Antonio Lease; and the Debtor's entry into the Assignment and Assumption Agreement (the "<u>Assignment Agreement</u>") with the Assignee being in the best interest of the Debtor, its creditors, and all parties in interest; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted.

2.      The Assignment Agreement, and all of the terms and conditions thereof, are approved.

3.      The Debtor is authorized to assume the San Antonio Lease, and assign the San Antonio Lease to the Assignee on the terms and conditions set forth in the Assignment Agreement.

4.      Subject to Paragraph 17 hereof, the proceeds of the assignment shall be applied in accordance with the Fifth Amendment to Debtor-in-Possession Credit and Security Agreement by and between the Debtor, the Agent, the Former Lenders, and the New Lender, as submitted to the Court at or prior to the hearing on the Motion (the "<u>Fifth Amendment</u>"). The Hilco Open Amount and the Leased Property Disposition Fee with respect to the San Antonio Lease (each as

defined in the Fifth Amendment) shall be paid to Agent in full in cash at Closing.

5.     The Debtor is authorized and empowered to take any and all actions necessary or appropriate to enter into the Assignment Agreement and assume and assign the San Antonio Lease to the Assignee on the terms and conditions set forth therein.

6.     Any provision in the San Antonio Lease that prohibits or conditions the assignment of such lease or allows the party to such lease to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of the San Antonio Lease constitutes an unenforceable anti-assignment provision which is void and of no further effect.

7.     All other requirements and conditions under section 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Assignee of the San Antonio Lease have been satisfied, and all defaults or other obligations of the Debtor under the San Antonio Lease arising or accruing prior to the Closing Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured at the Closing or as soon thereafter as practicable by payment of the Cure Amount (which Cure Amount is $0.00).  As of the date of this Order, the Debtor is not in breach of or in default under any provision of the San Antonio Lease, other than with respect to a certain letter of credit obligation, and the Assignee shall post a new letter of credit in the amount of $61,200 as required under the San Antonio Lease at Closing or as soon thereafter as reasonably practicable.

8.     Upon entry of this order, the counterparty to the San Antonio Lease shall be forever barred and enjoined from asserting against the Debtor any prepetition defaults, claims, interest or other default penalties under the San Antonio Lease and, pursuant to section 365(k) of

the Bankruptcy Code, the Debtor and the estate shall be relieved from any further liability with respect to the San Antonio Lease after such assignment to the Assignee.

9. The Assignee is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code, and the Assignment Agreement was negotiated, proposed and entered into by the Debtor and the Assignee without collusion, and in good faith, and resulted from arm's-length bargaining positions.

10. Neither the Debtor nor the Assignee has engaged in any conduct that would cause or permit the Assignment Agreement to be avoided under section 363(n) of the Bankruptcy Code. Specifically, the Assignee has not acted in a collusive manner with any person and the aggregate price paid by it in connection with the Assignment Agreement was not controlled by any agreement among bidders.

11. The Assignee is acquiring the Debtor's right, title and interest in the San Antonio Lease in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to all of the protections afforded by that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding.

12. The Assignee is not a mere continuation of or successor to the Debtor or its estate and there is no continuity of enterprise between the Assignee and the Debtor. The Assignee is not holding itself out to the public as a continuation of or successor to the Debtor.

13. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the assignment and transfer of the Debtor's right, title, and interest in the San Antonio Lease shall be free and clear of all liens (including the lien of Bexar county for real property taxes related to the San Antonio Lease property and improvement), claims, encumbrances and other interests of any kind or nature whatsoever, including but not limited to, successor or successor-in-interest

liability, with all such liens, claims, encumbrances or other interests to attach to the net cash proceeds of the assignment, which shall be distributed in accordance with terms of the Fifth Amendment and as provided herein, subject to any rights, claims and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

14.     This Order shall be binding in all respects upon the Debtor, its estate, all creditors of, and holders of equity interests in, the Debtor, any holders of liens, claims, encumbrances or other interests in the San Antonio Lease (whether known or unknown), the Assignee and all successors and assigns of the Assignee, and trustees, if any, subsequently appointed in the Debtor's chapter 11 case or upon a conversion of the Debtor's case to a case under chapter 7 of the Bankruptcy Code.

15.     The Assignee and the City are authorized and directed, notwithstanding anything to the contrary that may be contained in the San Antonio Lease, to allow the Debtor and MT to enter upon and use the Premises for a period of up to one hundred twenty (120) days following April 7, 2011, for the purpose of allowing MT to assemble and remove from the Premises any assets purchased by it pursuant to the APA, without any liability to the City therefore, other than damages caused by MT or any of its employees, agents, contractors and representatives resulting from such entry and removal.

16.     The automatic stay remains lifted as to the assets that are the subject of the UCC-1 Financing Statement Number 2010 0652598 filed by Liebherr-International Deutschland GmbH's ("Liebherr") with the Delaware Department of State (the "Liebherr Assets") to allow any party to exercise their rights and remedies as to the Liebherr Assets. The Assignee shall provide reasonable access and cooperation to Liebherr or any other party exercising their rights and remedies to the Liebherr Assets.

17.     From the proceeds of the assignment of the San Antonio Lease, the Debtor shall set aside the amount of $25,000.00 in a segregated account as adequate protection for the secured post-petition year 2011 claim of Bexar County pertaining solely to the real property tax related to the San Antonio Lease property and improvements.  The year 2011 post-petition liens of Bexar County for the real property tax shall attach to these proceeds to the same extent and with the same priority as the post-petition lien it held against the San Antonio Lease property and improvements.  These funds shall be on the order of adequate protection and shall constitute neither the allowance of the administrative claim of Bexar County, nor a cap on the amounts it may be entitled to receive for its post-petition claim for real property taxes.  Furthermore, the administrative claim and post-petition lien of Bexar County shall remain subject to all objections any party would otherwise be entitled to raise as to the priority, validity or extent of such post-petition lien.  These funds may be distributed upon agreement between Bexar County and the Debtor, or by subsequent order of the Court, duly noticed to Bexar County and its counsel. Bexar County's pre-petition claims shall remain secured and remain adequately protected as a result of the replacement liens granted to Bexar County pursuant to the DIP Financing Order. For the avoidance of doubt, notwithstanding the foregoing, as provided in this Order, Bexar County's year 2011 and prior ad valorem tax lien shall not attach to the San Antonio Lease property and improvements.  Assignee shall be responsible for real estate taxes related to the San Antonio Lease property and improvements first accruing from and after the Closing Date in accordance with the terms of the San Antonio Lease.

18.     Provided that all conditions to closing set forth in Section 5 of the Assignment Agreement have been satisfied, then the deposit placed into escrow by the Assignee in connection with its offer for the San Antonio Lease shall be immediately disbursed to the Debtor.

19.    Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

20.    The Debtor is hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

21.    This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: ___April 21___, 2011

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE